Benedict *v.* Thompson.

BENEDICT *v.* THOMPSON.

| Douglass. |
|---|
| 2d 299 |
| 71 537 |
| 2d299 |
| 105 . 505 |
| 2d 299 |
| 135 ¹648 |

An order of the chancellor. in a foreclosure suit, confirming the master's report of the appraisal, set off and conveyance of the mortgaged premises under the appraisal law of 1842, is a *final order,* from which, under R, S. 1838, p. 379, § 121, an appeal lies to this court.*

*Held,* that it was not competent for this court, on an appeal from such order, to review the decree, made two years before the order, directing such appraisal, set off and conveyance.

*Semble,* that an appeal might have been taken from the decree, within the time limited by the statute; it being a *final decree* within R. S. 1838, p. 379, § 121.

It seems, that where a final decree is the subject of appeal, this court will review all previous orders connected with the decree, and affecting the merits ; but on an appeal from a *final order,* the court is restricted to a review of so much of the proceedings, or to such orders, as are connected with the final order.

APPEAL from Chancery. The bill in this case was filed by Benedict, to foreclose a mortgage executed by Thompson, October 10, 1837. In August, 1842, the chancellor made a decree requiring the mortgaged premises to be appraised, set off, and conveyed to the complainant, by and under direction of a master, pursuant to the appraisal law of February 17, 1842 (S. L. 1842, p. 135). On the 4th September, 1843, the master filed his report showing an appraisal and set off of the mortgaged premises,

* See *Wing* v. *Warner,* ante 288, and *Prentis* v. *Rice,* ante 296.

and conveyance thereof to, and acceptance by the complainant; and, on the 9th of July, 1844, the chancellor made an order confirming this report of the master. From this order the defendant appealed to this court; and relying upon the authority of *Bronson* v. *Kinzie*, 1 Howard, 311, (decided in 1843,) he assigned for error, that the decree of August, 1842, was void, the law under which it was made being unconstitutional, in so far as it applied to pre-existing mortgages. The complainant contended, 1st. That the appeal ought to be dismissed, on the ground that under R. S. 1838, p. 379, § 121, an appeal would not lie to this court, from the order confirming the master's report; and, 2d. That if well taken, it was not competent for this court, on such appeal, to review the decree of August, 1842.

*Wm. A. Fletcher* for the defendant, appellant.

*James Kingsley* for the complainant, appellee.

Whipple, J., delivered the opinion of the court.

1. The first question which is presented for our determination is, whether the appeal in this case is well taken. The statute (R. S. 1838, p. 379, §§ 121, 125,) provides that "any person, complainant or defendant, who may think himself aggrieved by the *decree or final order* of the court of chancery, may appeal therefrom to the supreme court;" and that "upon any order or decree being brought by appeal to the supreme court, that court shall examine all errors that shall be assigned or found in such *order or decree,*" &c. Some difficulty has arisen in giving a construction to this statute. Questions arising under it have been presented for our determination upon several occasions, and we have generally confined our opinions to the particular case before the court, without attempting to lay down any general rule by which the right of appeal could be tested. It

would, indeed, be almost impossible to define the boundaries of this right in all cases. Our judicial system, from the organization of the territory to the present day, shows that the right of a party to have his cause reviewed by the highest judicatory has, with few exceptions, been granted by express statute; and we should be indisposed to restrict this salutary right by a stringent construction of the statute allowing appeals from the court of chancery. Policy and propriety both demand, however, that too broad a construction of the statute should not be given. Such a construction would embarrass the hearing of causes upon their real merits, protract litigation, and be followed by delays that would amount to a practical denial of justice. Applying to the question before us the decisions of this court in other causes argued during the present term, (*Wing* v. *Warner*, and *Prentis* v. *Rice*, *ante* pp. 288, 296,) we are of the opinion that the appeal was authorized by the statute, and that the preliminary objection to the jurisdiction of this court must be overruled.

2. Another question presented by this case, and which arises upon the assignment of errors, is, whether, on this appeal, it is competent for this court to review the decree of August, 1842, directing the appraisement, set off, and conveyance of the mortgaged premises. It is to be observed that under the statute above referred to, this court can only examine the errors that may be assigned or found in the order or decree appealed from. On behalf of the appellant it is insisted that it is competent for this court to review every other order or decree in the cause, touching the merits. Will our statute warrant this construction? The decisions of other tribunals on this subject, are somewhat confused and contradictory. *Hoffman* says that it is the general rule that only such parts of the decree as are complained of in the petition of appeal, will be decided upon by the court of errors. 2 Hoff. Ch. Pr.,

48.    In *Sands* v. *Codwise*, 4 John. R. 601, Chancellor *Kent* sustains this rule.    In *Atkinson* v. *Marks*, 1 Cowen 691, Mr. Justice *Sutherland* remarked that as the appeal was from the final decree, it opened for consideration all prior orders or decrees in any way connected with it.    The same rule is laid down by Chief Justice *Spencer*, in *Jaques* v. *The Methodist E. Church*, 17 John. R. 549.    In *Wilson* v. *Troup*, 2 Cowen 195, it was determined that an appeal from a final order brought up an interlocutory order suppressing depositions which might bear upon the final decree.    Upon appeals to the House of Lords in England, the appellant is confined to the objections specified in the petition of appeal.    In *Bouchier* v. *Dillon*, 1 Bligh. N. S. 688, the appellant was permitted to amend his petition so as to extend his appeal to orders not embraced in the original petition.    Upon an appeal from the decree of the vice chancellor, in *Orange Co. Bank* v. *Fink*, the court held that an appeal from a final decree, more than nine months after the entry of an interlocutory order, did not have the effect of bringing up the merits of such order for examination.    7 Paige, 87.

Was, then, the decree of the chancellor in this cause, directing the mortgaged premises to be appraised, &c., a final, or an interlocutory decree?    I am of the opinion that it was a final decree.    It was a decree upon the merits, and settled the subject matter of litigation between the parties : it was, in the language of Chief Justice *Savage*, referred to in 7 Paige 19, "the last decree which was necessary to give the parties the full and entire benefit of the judgment of the court."    No questions were reserved upon which the judgment of the court could thereafter be invoked.    All the facts necessary to an adjudication upon the whole merits of the controversy were before the court; and its judgment was just as conclusive as respects the merits, as though it had been the last decree in the cause.

In order to carry into execution the decree, the master was directed to cause the premises to be appraised and set off to the complainant, and to execute a deed to him, in the event of his signifying his acceptance of the appraisement. It also became necessary, in order to consummate the proceedings, that an order should be taken in respect to the doings of the master; but this order never brings before the chancellor the merits of the former or final decree, but simply the regularity of the proceedings of the master: the court, in other words, examines into his doings, to ascertain whether its mandate has been obeyed. This last order confirming the acts of the master may be the subject of appeal, and such appeal would bring into review such other matters as are necessarily connected with it. "The usual decree, in mortgage cases, for the sale of the property, and the distribution of the funds among the parties, and finally disposing of the question of costs, is a final decree." *Mills* v. *Hoag*, 7 Paige, 19. The same doctrine is asserted by the supreme court of the United States, in *Ray* v. *Law*, 3 Cranch, 179. If the decree in such cases is final, it would be difficult to perceive why the decree directing the appraisement, &c. of the mortgaged premises, is not a final decree. The rights of the parties, and the merits of the controversy, are just as fully settled in the one case as in the other: the only difference is in the mode of executing the decree. In the one case, the premises are exposed to sale at public auction; and in the other, they are appraised and set off to the mortgagee. The proceedings in both cases have the same object in view, viz: the satisfaction of the amount due on the mortgage. Whether the money arising from the sale of the land, or the land itself, is applied in liquidation of the debt, can make no difference as to the character of the decree. The decree, then, of the 31st August, 1842, directing the mortgaged premises to be ap-

praised. &c., was a final decree, and one which the defendant might have brought before us by appeal.

It appears by the transcript, that the premises were appraised and conveyed to the complainant, by the master, on the 26th August, 1843; and that, on the 4th September following, he filed his report showing the manner in which he had executed the final decree of 31st August, 1842. It further appears that on the 10th January, 1844, at the first term of the court of chancery after the appraisement, &c., the defendant moved the court to set aside all the proceedings subsequent to the decree, on the ground; 1st. That the law under which the appraisement was made was unconstitutional; and 2dly. Because the decree was not enrolled before the appraisement. On the same day this motion was overruled, and a petition for a rehearing filed, presented, argued and submitted for decision. This petition was based upon the first ground taken by the defendant in support of his motion to vacate the proceedings subsequent to the decree. At the following July term, the court denied a rehearing, (Walk. Ch. R. 446,) and directed the final order now brought before us by appeal. By our statute, ninety days are allowed for appealing from the decree or final order of the court of chancery. By the 105th rule of the court of chancery, a bill of review must be brought within that time. The principal object of a rehearing is, to enable the court to review its own decree, without the expense and delay incident to an appeal. By a rule of the English chancery, it would seem that a petition for a rehearing must be presented within a fortnight after the order pronounced. 2 Madd. Ch. 482. Our statute provides that a decree cannot be enrolled until the expiration of thirty days from the time it is entered in the minutes of the court. R. S. 1838, p. 369. That period, in any event, is allowed to present a petition for a rehearing. We cannot, of course,

review, upon this appeal, the order of the chancellor de-
nying a rehearing : that was a matter submitted entirely
to his discretion.   I have recited the proceedings in the
order in which they appear in the transcript, for the rea-
son that it is urged on the part of the appellant, that he
had exhausted all the means provided by law and the
practice of the court below, to achieve his object, before
taking an appeal to this court.   It is not perceived that
this circumstance can influence the determination of this
court upon the question we are now considering.   I have
already said that the decree of the 31st August, 1842,
was final, and not interlocutory ; and the question now
recurs, whether, under the facts in this case, the decisions
from which I have quoted, and the provisions of our sta-
tute, it is competent for this court to review that decree.
We are of opinion that that decree cannot be the subject
of examination here.   The time had elapsed for appealing
to this court, when the petition for a rehearing was pre-
sented ; and two years intervened between entry of the
final decree and the order confirming the master's report
of appraisement, &c.   It would seem a most extraordi-
nary course of proceeding, to permit a party who has ap-
pealed from an order of the court of chancery, to make
that the pretext for reviewing a decree which was final
and conclusive in respect to the matter in controversy
between the parties.   The effect of such a decision would
be to overthrow a wise and salutary provision of our law
which limits the time within which an appeal may be
taken.   The appellant would be permitted to do that in-
directly which the statute expressly prohibits.   In the
present instance, we should be called upon, not to reverse
or affirm for errors appearing in the final order appealed
from, but for errors apparent in the final decree in the
cause.   Such a decision would lead to consequences

which it is the duty of this court to avert.    A decree con-clusive in regard to the merits of a controversy may be made, and a period of several years may elapse before the final disposition of the cause; the last order made in the cause may be such an one as would authorize an appeal.    Will it be said that upon such an appeal it would be competent to bring into question the merits of the final decree, after, perhaps, much time, labor, and money has been expended?    Such a course of decision would ope-rate most oppressively, and we are not disposed to give a construction to the statute which will lead to such con-sequences, when another construction, more reasonable and equitable, is justified by its language.    The appel-lant, in this case, asks of this court to review a decree af-ter the time for a rehearing, for bringing a bill of review, and for prosecuting an appeal, had elapsed.    This we cannot do.    Without pretending to lay down any general rule on the subject, it may, I think, be safely affirmed, that where a *final decree* is the subject of appeal, this court will review all previous orders connected with such decree, and affecting the merits.    In an appeal from a *final order*, we are restricted to a review of so much of the proceedings, or to such orders as are connected with the *final order* brought before us by appeal.    In the pre-sent case, we are permitted to look into the final decree and subsequent proceedings to ascertain whether the re-port of the master shows an execution of that decree; or, in other words, to see whether his proceedings were war-ranted by the decree; but we cannot look into it for the purpose of determining whether the principles of that de-cree were right or wrong.    This decision will admonish parties litigant, that where a decree is made upon the merits of a cause, with which they are aggrieved, an ap-peal must be taken within ninety days; and that this court will not, after that period has elapsed, review the

merits of such decree upon an appeal taken from a final order made in the further progress of the cause.

The decree of the court of chancery must be affirmed.

*Decree affirmed.*