## The Detroit Fire & Marine Insurance Company v. Henry Renz and others.

*Equity practice: Appeals: Foreclosures: Sales: Order of confirmation.* An order confirming a sale on a foreclosure decree is held appealable.

*Equity practice: Appeals: Discretion.* Chancery appeals bring the case up for review with all matters of discretion open for consideration in the appellate court, precisely as they were in the court below.

*Foreclosures: Sales: Filing bill: Subpœna: Discretion.* Under the statute (*Comp. L. 1871*, § *5147*) prohibiting a sale in foreclosure cases within one year from the filing of the bill, whether strictly an interval of a year is requisite in all cases between the service of subpœna and the sale, the court has discretionary power at least to postpone the sale until the expiration of a year from the service of subpœna, and should exercise it where the subpœna is not issued until nearly six months after the filing of the bill.

*Equity practice: Decree: Notice: Settlement.* Good practice requires that a defendant who has appeared in the cause should have such notice of the entry of the decree as to give him an opportunity to attend and be heard upon the settlement thereof.

*Heard and decided January 19.*

Appeal in Chancery from Wayne Circuit.

This was an appeal from the order of confirmation of a

sale on a foreclosure decree. The bill was filed July 8, 1874, but no subpœna was issued till January 10, 1875. Defendants entered their appearance and filed an answer. The cause was heard on pleadings and proofs June 15, 1875, and a decree rendered authorizing a sale at any time after July 18, 1875. Sale was made under this decree July 29, 1875. The usual order *nisi,* for the confirmation of this sale, was entered. Exceptions were filed by defendants to the commissioner's report of sale, which were argued and overruled, and an order of confirmation of the sale granted and entered. From this order the defendants appealed.

*Moore & Griffin,* for complainant.

*Otto Kirchner,* for defendants.

PER CURIAM:

I. The order was appealable; and when a chancery appeal lies, it brings the case up for review with all matters of discretion open for consideration in the appellate court, precisely as they were in the court below.

II. The statute *(Comp. L., 1871, § 5147)* prohibits a sale within one year after the filing of the bill. Whether or not this strictly requires the interval of a year between the service of subpœna and the sale, the purpose certainly was to give the mortgagor time within which to make payment and save the lands; and that purpose is not served by permitting a sale within six months after he first has notice, by service of subpœna or otherwise, that a bill has been filed, even though the bill may in fact have been on file, but inoperative, for six months previous. The court has a discretionary power in such a case, at least, to postpone the sale until the expiration of a year from the service of the subpœna; and such a discretion ought to have been exercised in this case.

III. Good practice requires that a defendant who has ap-

peared in the cause should have such notice of the entry of the decree as will afford him an opportunity to attend and be heard upon the settlement thereof.

Order of confirmation reversed, with costs, and re-sale ordered.