MARY P. BURT v. HENRY S. THOMAS, HARRIET THOMAS,
ANN L. HOLLAND, DETROIT POST AND TRIBUNE
CO. AND CHARLES P. RABAUT.

*Equity—Matters previous to decree—Date of foreclosure sale.*

Matters disposed of without objection before the decree in foreclosure cannot be litigated upon an appeal therefrom, or upon a motion to dismiss such appeal, if the defendants were properly brought in and answered. The proper remedy after decree is by bill of review.

A foreclosure sale cannot be allowed to take place within less than a year from the time when all defendants have been properly brought in.

Appeal from Wayne. Submitted June 23. Decided June 27.

BILL of foreclosure. Defendants appeal. Appeal dismissed.

_____

*Walker & Walker* for complainant. The appeal, as taken, brings up only the sale itself and such other matters as were in the discretion of the court below: *Ins. Co. v. Renz* 33 Mich. 298 ; neither the regularity of the proceedings up to and including the decree, nor the amount of the decree itself, can be gone into in this proceeding : 2 Jones on Mort. (2d ed.) § 1673 ; *Bullard v. Green* 10 Mich. 268.

*Prentis & Patchin* for defendants. A chancery appeal brings the case up for review, with all the matters of discretion open for consideration in the appellate court, precisely as they were in the court below: *Det. F. & M. Ins. Co. v. Renz* 33 Mich. 298.

MARSTON, J. . This is an appeal from an order of the Wayne circuit court in chancery confirming a foreclosure sale. The defendants were properly brought into court, and a decree was taken *pro confesso* for want of appearance.

It is now claimed that at the time the original bill of foreclosure was filed there was no amount either of principal or interest due upon the mortgage, but only a few dollars for taxes which the complainant was not at the time required to pay for the protection of her interest in the premises, and that some months afterwards, when the first instalment of interest became due, a supplemental bill was filed, claiming and electing that the whole amount of both principal and interest was due ; that a decree was rendered for the whole amount and a sale made a little over a year from the time the original bill was filed.

The complainant's case would seem to have been bereft of all equities, but the defendants having been properly brought into court to answer the original bill, and again to answer the supplemental bill, they cannot, upon this motion and appeal, litigate the matters previous to the decree. This they had an opportunity to do and did not avail themselves of it, and upon a motion of this character, questions arising after the date of the final decree only can be considered.

The defendants have another remedy by bill of review. This they have availed themselves of, and an appeal is now pending from an order denying them leave to file the same. On the hearing thereof the questions now sought to be raised may be considered.

The appeal in this case must be dismissed, but without costs.

The other Justices concurred.

Appeal from Wayne. Submitted Oct. 17. Decided Oct. 31.

BILL of foreclosure. Defendants appeal from the order denying leave to file a bill of review. Reversed.

*Walker & Walker* for complainants. The purchaser on a foreclosure is not a proper party to a bill of review : *Gies v. Green* 42 Mich. 107 ; *Mickle v. Maxfield* 42 Mich. 304.

*Prentis & Patchin* for defendants.

MARSTON, J. The Post & Tribune Company was made a party defendant in the original bill filed in this cause, but was not properly brought in until the supplemental bill was filed several months afterwards, yet the decree permitted a sale at any time after one year from the date of filing the original bill. Under previous rulings in this Court we think the sale made was premature. *Graham v. Elmore* Har. Ch. 265 ; *Canfield v. Shear* ante, p. 313 ; *Detroit F. & M. Ins. Co. v. Renz* 33 Mich. 298.

Without attempting to pass upon any of the other questions raised we are of opinion that permission should be granted to file a bill of review and the record will be remanded for such purpose, to be granted upon such terms as to the court may seem equitable.

The other Justices concurred.