HENRY S. THOMAS AND HARRIET THOMAS v. MARY P. BURT, ANN L. HOLLAND, THE DETROIT POST & TRIBUNE CO., CHAS. P. RABAUT AND JAY BASSETT.

*Bill of review against foreclosure purchaser—Sworn plea.*

1. *It seems* that a bill of review filed after foreclosure sale and after the time for appealing has expired, and allowed on the ground that the property has been sold at a great sacrifice to a purchaser who really represents the complainant, should be accompanied by adequate security and contain an offer to redeem or procure a higher bidder.

2. Where a sworn plea to a bill of review is regular in form and positive in substance and consists of a denial of the main issue presented, a demurrer to it, if permitted by practice, would be so frivolous as to entitle the pleader to final judgment. And setting the plea down for hearing would be equivalent to a demurrer. If it leaves any issue to be disputed, it should be replied to and the facts investigated.

3. A foreclosure sale ought not to be set aside on merely disposing of the plea to the bill of review filed to set it aside.

4. A bill of review to set aside a foreclosure sale was dismissed where complainant took no steps to facilitate inquiry into the facts or to obviate delays, and did not make any offers.

Appeal from Wayne. (Jennison, J.) Jan. 18.—Jan. 29.

BILL of review in foreclosure. Defendant Bassett appeals. Reversed.

*Walker & Walker* for appellant. A judicial sale in pursuance of a decree or judgment of a court of competent jurisdiction, to a purchaser in good faith, is conclusive, and cannot be affected either by errors of law or fact contained in the proceedings or in the decree itself or by a subsequent reversal of the decree on appeal: *Gray v. Brignardello* 1 Wall. 627; *Bank v. Voorhees* 1 McL. 221; *Voorhees v. Bank* 10 Pet. 449, 473; *Grignon v. Astor* 2 How. 319, 340; Jones on Mortg. (2d ed.) § 1662; Rorer on Judicial Sales § 576.

*Prentis & Patchin* for appellee.

CAMPBELL, J. Complainants were defendants, as mortgagors, in a foreclosure suit wherein defendant Burt was complainant, and the other parties, except Bassett, defendants. Decree was made and sale had and confirmed, Bassett being purchaser. On appeal from this confirmation the sale was held valid. Leave was afterwards granted to file a bill of review, on the ground that Bassett was alleged to be in collusion with complainant, and not a bona fide purchaser, and that the sale ought not to have been ordered so early. 49 Mich. 462. The bill of review was filed, making Bassett a defendant with the rest, and not requiring a sworn answer. He put in a sworn plea of bona fide purchase. Complainants, instead of replying, set it down for hearing, and it was overruled, and a decree made setting aside the sale, from which Bassett appealed.

This bill, which goes somewhat further than an ordinary bill of review, does not appear from the record to have been accompanied by any adequate security, and contains no offer either to redeem the mortgage sale or to procure a higher bidder. How far these deficiencies would operate if objected to formally we need not consider, but we cannot in examining the general merits overlook the fact that the only ground for allowing the bill after the time for appealing had expired, was that the property had been sold at a great sacrifice to a person who really represented the complainant.

Mr. Bassett's plea was neither more nor less than a simple denial of the main issue presented by the bill of review. It was regular in form and positive in substance. Upon what theory such a plea was held insufficient we cannot imagine. It had been already decided by this Court that the sale was regular and valid on its face. This being so, the only possible issue as to Bassett was his good faith. If this was to be disputed the plea should have been replied to and the facts investigated. Instead of this the plea was set down for hearing—a proceeding equivalent in its nature to a demurrer. Had the practice permitted a demurrer in form it would have been so plainly frivolous as to entitle the party to final

judgment without further pleading. Inasmuch as the complainants have continued to enjoy the possession of the property without adequate security, it is evident that delay is greatly to their advantage, and to the disadvantage of Bassett, and should not have been allowed.

The court not only overruled the plea, but set aside the sale, which it had no right to do under the practice, but which seems to have been acquiesced in by both parties to bring the controversy to an end.

In view of the state of the record, we feel bound not only to reverse the decree but to dismiss the bill, inasmuch as complainants took no steps to facilitate the inquiry into facts and made no offers and took no steps to obviate the evil of delays. As the case stands it presents no grounds for further indulgence.

The other Justices concurred.