THE FARMERS' BANK OF GRASS LAKE v. JOHN M. QUICK
AND ALEXANDER BELLER, ADMINISTRATOR, ETC.

*Equity—Foreclosure of mortgage—Confirmation of sale—Appeal—*
*Bill of review.*

1. Where the confirmation of a foreclosure sale is objected to as
effected secretly, and without notice to the defendant or his
solicitors, and it appears that the defendant had such notice,
it was his duty to inform his solicitors.
2. On appeal from the confirmation of a foreclosure sale, the bill
cannot be attacked, nor the decree reviewed, if the court had
jurisdiction of the subject-matter and the defendant.
3. An objection to the confirmation of a foreclosure sale on the
ground that the premises were bid in by the complainant at a
great sacrifice, is overruled in the absence of a showing that if
a new sale was ordered a larger or even as large a price could
be obtained.
4. The refusal of the circuit judge to grant leave to file a bill of
review in this case is held to have been within his discretion,
fairly exercised.

Appeal from Jackson. (Gridley, J.) Argued June 22,
1888. Decided October 12, 1888.

Appeal from order of confirmation of a foreclosure sale.
Order affirmed. The facts are stated in the opinion.

*Lewis M. Powell,* for complainant, contended for rules
stated in the opinion.

*Blair, Wilson & Blair,* for appellant, John M. Quick,
contended :

1. The appeal brings up the whole case for review, with all matters
of discretion open for consideration; citing *Ins. Co. v. Renz,* 33
Mich. 298.
2. Leave to file a bill of review should have been granted, because
the original bill does not show who owned the mortgaged
premises ; citing *Middlesworth v. Nixon,* 2 Mich. 425; *Brown v.*

*Thompson*, 29 Id. 75, 76; and because the decree undertakes to dispose of the homestead of Caroline Quick, and the interest of the heirs therein, without making any of them parties; citing *Shoemaker v. Collins*, 49 Mich. 595; and because the bond and mortgage do not appear in the enrollment; citing *Hungerford v. Smith*, 34 Mich. 300; and because it is a proper remedy; citing *Mickle v. Maxfield*, 42 Mich. 304.

3. Under the circumstances, the sale is to be regarded as secret. The appellant had reason to think that no sale could be made until his petition was disposed of; citing *Nugent v. Nugent*, 54 Mich. 557.

MORSE, J.   The defendant John M. Quick appeals from the order entered in this cause in the circuit court for the county of Jackson, in chancery, confirming a sale made in pursuance of a foreclosure decree.

The bill was filed to foreclose a mortgage, dated January 13, 1879, executed by the deceased, John Quick, to one Alonzo Bennett.   A bond accompanied the mortgage. Alonzo Bennett assigned this bond and mortgage to the complainant, May 5, 1886.   The bill was filed May 13, 1886.

At the time of the commencement of this suit, John Quick was dead, and the defendant Alexander Beller had been appointed administrator of his estate with the will annexed.   John M. Quick was in possession of the lands described in the mortgage as residuary legatee of the deceased, John Quick.   John Quick left surviving him a widow, Caroline Quick.   She was not made a party to the bill, nor were any of the heirs or legatees save the said John M. Quick.   The defendant John M. Quick did not appear, and the bill was taken as confessed by him. The defendant Beller answered, and the cause was heard upon pleadings and proofs taken in open court.   The decree was entered July 8, 1887, and it was declared by such decree that the mortgage was void against a certain portion of the premises, decreed to have been a homestead

at the time the mortgage was executed, which mortgage the wife did not sign. The sum due upon the mortgage was found to be at the date of the decree $3,901.06, and it was declared that the said John M. Quick was personally liable for the payment thereof, and a sale was ordered of the remaining lands as described in the mortgage, if such sum was not paid on or before August 1, 1887.

November 7, 1887, the property was advertised for sale under this decree by J. W. Blakely, a circuit court commissioner. December 15, 1887, the defendant John M. Quick filed his petition for leave to file a bill of review, and thereafter the sale was adjourned until January 5, 1888. It was further adjourned until January 19, 1888, when the property was sold, and bid in by the complainant at the sum of $4,075. The usual order *nisi* was entered to confirm the sale. The defendant John M. Quick filed exceptions to such confirmation, which were heard and overruled, and the sale confirmed March 5, 1888.

It appears that upon the petition for leave to file a bill of review the then circuit judge, Hon. G. T. Gridley, was not ready, on the last day of his official term, December 31, 1887, to pass his opinion; and it was agreed by the solicitors of the parties that he might take time to decide upon the petition, and file his opinion at any time thereafter as of that date, and that in the mean time the sale of the mortgaged premises should be adjourned from time to time, until such decision was made. The circuit judge afterwards filed an opinion denying the prayer of the petitioner, but it is claimed that such opinion bears no date; and that no notice of the same, or of the sale of the premises, was given to the defendant John M. Quick, or his solicitors; and that they had no information of the same until after such sale. This is denied, however, and showing is made by the affidavit of the commissioner

that he notified said Quick of such sale on January 16, 1888, three days before it took place. The affidavit of the solicitor for the complainant also shows that on January 12, 1888, he informed Quick that the sale had been adjourned one week, and that there would probably be no further adjournment of the same. The claim of the defendant is supported by the affidavit of himself and one of his counsel. One of the objections to the confirmation of the sale is that such sale was effected secretly, and without notice to the defendant Quick or his solicitors. We think the defendant Quick had full notice of the sale. It was his duty to inform his solicitors.

Ten exceptions were filed. Two of them are disposed of by the ruling above. Three are aimed at the bill of complaint and the decree. These cannot be considered here. The decree cannot be reviewed in this proceeding, nor the bill attacked. The court below had jurisdiction of the subject-matter and of the person of the defendant Quick. No appeal from the decree was taken; and this appeal, which is from the order of the court confirming the sale, cannot be used to review such decree. *Benedict v. Thompson*, 2 Doug. 299; *Burt v. Thomas*, 49 Mich. 463 (12 N. W. Rep. 911); *Bullard v. Green*, 10 Id. 268.

Another exception alleges that the premises were sold and bid in by the complainant at a great sacrifice, and in equity and justice ought to be resold. No showing is made, however, that if a new sale is ordered a larger, or even as large a price can be obtained at such new sale. We are not satisfied that the sale was unfair, and do not feel disposed to disturb the order of confirmation for this reason. The refusal of the circuit judge to grant leave to file the bill of review was, we think, within his discretion, fairly exercised. The other exceptions are without merit.

The order appealed from will be affirmed, with costs.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred.
SHERWOOD, C. J., did not sit.