ROBERTS *v.* KALAMAZOO CIRCUIT JUDGE.

MANDAMUS—POSTPONEMENT OF FORECLOSURE SALE.

*Mandamus* was granted requiring the circuit judge to postpone a sale of property under a decree of foreclosure until the expiration of a year from the time of the appearance of certain of the defendants not served with process, it appearing that, owing to the pendency of certain suits affecting the property, it could not be sold to advantage at the earlier date fixed by the court.

*Mandamus* by Charles E. Roberts to compel George M. Buck, circuit judge of Kalamazoo county, to postpone a foreclosure sale. Submitted December 12, 1899. Writ granted December 30, 1899.

One Malcolm B. Williams, trustee, filed a bill of foreclosure against the Kalamazoo Heat, Light & Power Company and others in July, 1898. Four of the defendants were not served with any notice, and did not appear until March 28, 1899. A decree of foreclosure was entered on June 26, 1899, authorizing the circuit court commissioner to make sale at any time after the 1st day of August, 1899. The relator is interested in the first mortgage, and also in a subsequent mortgage. The interests involved are large. A suit is now pending in this court involving the validity of the franchise of the defendant company, and is on the docket for the present term. A mechanic's lien suit is also pending in the court below.

The sale was advertised for November 22, 1899. On November 14th relator filed a petition in the circuit court in the cause, alleging the facts, and the injustice in now making a sale, and claiming, also, that the sale would be illegal, for the reason that a year had not yet elapsed from the time a part of the defendants were served with notice and appeared in the case. The motion was denied, and the relator now asks for the writ of *mandamus* to issue out of this court to compel the postponement of the sale.

*E. A. & Robert B. Crane*, for relator.

*Osborn, Mills & Master*, for respondent.

PER CURIAM. We deem it unnecessary to determine the question of the right to sell at the time specified. The court below had discretion to postpone the sale, and, we think, should have done so, since it is apparent that the property cannot now sell to advantage until the suits above mentioned are disposed of. See *Detroit Fire & Marine Ins. Co.* v. *Renz*, 33 Mich. 298. The writ will issue, directing the court below to postpone the sale until March, 1900.