# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1915,

---

Louis Fink, appellee, v. Charles M. Murdock et al.,
appellants.

Filed March 13, 1915. No. 17994.

Mortgages: Foreclosure: Sale: Appraisement. Record examined, and
its substance set out in the opinion. *Held* free from error.

Appeal from the district court for Gage county:
Leander M. Pemberton, Judge. *Affirmed.*

*E. O. Kretsinger* and *Ernest L. Kretsinger*, for appellants.

*A. D. McCandless*, contra.

Fawcett, J.

Appeal by defendant from a judgment of district court
for Gage county confirming a sale in a suit for the fore-
closure of a mortgage.

The errors assigned are: (1), that the judgment was
not sustained by sufficient evidence; (2) that the apprais-
ers were not disinterested and impartial appraisers; (3)
the published notice of the time and place of sale was not
given by publication for 30 days before the time of the
sale; (4) the property sold for a sum grossly less than
its fair market value, so much so as to make it appear
to have been the result of fraud on the part of the apprais-
ers; (5) that the appraisers were not selected by the cor-
oner who made the sale, but by outside parties.

The first and fourth assignments are practically the same and will be considered together. The decree of foreclosure was for $1,052.38. After a nine months' stay taken by defendant had expired the property was appraised at $1,825. At this sale plaintiff bid two-thirds of the appraisement, and the property was declared sold to him. This sale was set aside. A second order of sale was issued and the property appraised by two new appraisers at $2,305. Under this appraisement the property was twice advertised and offered for sale, and not sold for want of bidders. A third order of sale was then issued, and the property appraised by two new appraisers at $1,920. It was twice offered under this appraisal, and not sold for want of bidders. A fourth order of sale was then issued to the coroner, plaintiff having filed objections to the sheriff and his deputy. Under this order the property was appraised by two business men of Wymore, neither of whom had acted under either of the other appraisements, at the sum of $2,000, and the property was sold to plaintiff for $1,337. This sale was the one confirmed by the lower court. It will be seen that the property had been appraised four times, and offered for sale six times. Plaintiff was the only bidder at any of these sales. The amount of the highest appraisement, under which there were no bidders, was $2,305. Defendant filed his own affidavit fixing the value of the property at $5,000, and the affidavit of three freeholders fixing the value at $4,800. This affidavit was sworn to before defendant himself as a notary public, and is not entitled to be considered. Even if the affidavit of the three freeholders could be considered in connection with the affidavit of defendant, it would not justify a reversal of this case on the ground of inadequacy of the valuation fixed by the appraisers. The fact that the property had been offered for sale six different times, under four different appraisals, in none of which the value was fixed above $2,305, and that no person other than plaintiff ever made a bid of any amount, even at such valuations, constitutes a complete refutation of the value of the property as fixed by defendant and his three freehold-

Fink v. Murdock.

ers. The rule is well settled in this state that, to justify the setting aside of a sale on the ground that the property was appraised too low, the actual value of the property must so greatly exceed the appraised value as of itself to raise a presumption of fraud in the making of the appraisement. We think the facts above outlined clearly indictate that the property was appraised by the appraisers called by the sheriff and coroner under the several orders of sale at substantially its fair value.

The second assignment is without merit. There is no competent evidence in the record to show that the appraisers Huston and Jeffrey were not disinterested and impartial appraisers.

The third assignment is also without merit. The sale was made September 16, 1912. The proof of publication shows that the notice was published in the "Weekly Wymorean" for five consecutive weeks, the first publication being on August 15, 1912. It appears, therefore, that there was a strict compliance with the settled rule in this state, as announced in *Cuyler v. Tate,* 67 Neb. 317: "Notice of a judicial sale published in every issue of a weekly newspaper for thirty days before the day of sale is sufficient."

The fifth assignment is likewise without merit. The only ground which we can discover for the complaint set out under this assignment is that the coroner made inquiries as to who would make suitable appraisers, and in the course of his inquiries talked to Jesse S. Newton and the appraiser Huston. An attempt is made to show that Newton was prejudiced against the defendant, but there is no competent evidence to show that the appraisers Huston and Jeffrey were not reputable business men in the city of Wymore, and disinterested and impartial appraisers. That the appraisal which they actually made was a fair appraisal is fully established by what has already been said.

Finding no error in the record, the judgment is

AFFIRMED.

MORRISSEY, C. J., ROSE, and HAMER, JJ., not sitting.