## DOYLE *v.* MAXWELL.

Opinion delivered November 6, 1922.

JUDICIAL SALES—CONFIRMATION—INADEQUACY OF PRICE.—Under the rule that mere inadequacy of price will not justify a court in refusing to approve a sale unless the inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud, it was error to refuse to confirm a sale of land for $150 merely because it was claimed to be worth $300.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

### STATEMENT OF FACTS.

This is an appeal from an order setting aside a sale, and ordering a resale of land in a mortgage foreclosure suit in chancery.

The facts in relation to the sale are, in substance, as follows: W. T. Maxwell, as State Bank Commissioner, brought a suit in chancery against Davie Morgan to foreclose a mortgage on certain real estate in Crawford County, Ark. A decree of foreclosure was duly entered of record, and a commissioner was appointed to sell the land on August 27, 1921. Pursuant to the terms of the decree the land was duly advertised and sold to J. M. Doyle for the sum of $150.

The plaintiff in the foreclosure suit filed exceptions to the confirmation of the sale by the commissioner. To

sustain the exceptions an affidavit was filed to the effect that the land sold was of the value of $300, and that the affiant offered to pay that amount in cash for it. Whereupon the chancery court found that the purchase price of the land was grossly inadequate, and the sale was set aside, and the land ordered resold by the commissioner. J. M. Doyle, the purchaser at the sale, has duly prosecuted an appeal to this court.

*L. H. Southmayd* and *O. D. Thompson,* for appellant.

The court abused its discretion in refusing to confirm the sale and ordering a resale of the land. A judicial sale will not be set aside in the absence of fraud, irregularity or misconduct. 77 Ark. 216. Mere inadequacy of price, however gross, in the absence of fraud and unfairness does not vitiate the sale. 131 Ark. 387; 108 Ark. 366; 56 Ark. 240; 44 Ark. 502.

Public policy demands that confidence should be had in judicial sales. 86 Ark. 255.

*J. S. Holt,* for appellee.

A sale may be set aside where the inadequacy in price is so gross as to shock the conscience, or raise a presumption of fraud. 17 Am. & Eng. Ency. of Law, 2d. ed., p. 102.

If the sale has been unfairly made or is for a grossly inadequate price, the owner can object to confirmation. 108 Ark. 370.

Hart, J. (after stating the facts). The principles upon which such a sale should be set aside are clearly established by numerous decisions of this court. It is the settled rule of this court that mere inadequacy of price will not justify a court in refusing to approve a sale and in depriving the purchaser of the benefit of his purchase, unless the inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud. *Stevenson* v. *Gault,* 131 Ark. 397, and *Moore* v. *McJudkins,* 136 Ark. 292.

This court has uniformly recognized that it is essential to the interest of those whose property is sold at a

judicial sale that prospective purchasers should have full confidence in the safety of the purchase, and that they will not be disturbed for mere inadequacy of price. Inadequacy of price, coupled with other facts showing mistake or unfairness in the sale, have been recognized as grounds for setting aside the sale and ordering a resale.

In the present case inadequacy of price alone was relied upon to set aside the sale. The land was sold for $150, and it was shown by one witness that he would have given $300 for it. This did not amount to such gross inadequacy of price as to indicate fraud or to shock the conscience of the court, and the court erred in setting aside the sale.

It follows that the decree will be reversed and the cause remanded, with directions to the chancellor to confirm the same, and for further proceedings in accordance with the principles of equity.