LOUISE LEMERE, APPELLEE, V. ALTON D. WHITE ET AL.,
APPELLANTS.

FILED MARCH 2, 1932. NO. 28176.

*Morsman & Maxwell* and *William Baird & Sons*, for appellants.

*Rose, Wells, Martin & Lane*, contra.

Heard before GOSS, C. J., DEAN, EBERLY, DAY and PAINE, JJ.

PAINE, J.

The plaintiff owned a mortgage of $5,800 upon a rooming-house in Omaha. The plaintiff bid in the property at foreclosure sale for $6,800, and waived a small deficiency judgment which might have been taken. Objections to confirmation were overruled and the sale confirmed. The defendants, Alton D. White and the United States National Bank, Trustee, have appealed on the ground of inadequacy of price.

The record discloses that H. Cooper gave the original mortgage to Arthur J. Miller, who assigned the mortgage to the plaintiff. Upon April 19, 1919, Alton D. White, who had purchased the place, executed the extension agreement, extending the maturity date to July 10, 1924, but he continued to pay interest thereon after maturity and up to January 10, 1929. A decree of foreclosure was entered July 30, 1930, and a stay of nine months taken. On May 5, 1931, the order of sale was issued, and the property sold by the sheriff June 16, 1931. Defendant White had the hearing on confirmation set over until

August 15, 1931. Upon June 25, 1931, the United States National Bank, trustee under a trustee's deed issued to it by defendant White, filed objections to confirmation on the ground of inadequacy of price realized, and alleging that a greater price would be realized upon a resale, and in support thereof filed five affidavits of five men engaged in the real estate business in Omaha, Nebraska, each affidavit being in exactly the same form, setting forth that the affiant had been actively engaged in the real estate business in Omaha for a certain number of years, was well acquainted with the property, and that in his opinion the fair market value of said property was $26,-000. Objections to the confirmation were also filed by Alton D. White, defendant, on the same ground; and a counter affidavit was filed by Charles D. Armstrong, another real estate agent of Omaha, in which he set out that the fair and reasonable market value of the property did not exceed $15,000, and that rooms in the building had been rented to tenants furnished, but that Alton D. White was also the owner of the furniture, and that all of the furniture had been attached, and that when the furniture was taken out of the building the building would become vacant and be of much less value than the above amount. An affidavit was also filed by G. F. Kroeger, of the Omaha National Bank trust department, setting forth that the delinquent taxes against said property amount to over $5,000, and that in his opinion "a purchaser for said property cannot be found at this time or in the near future for an amount in excess of the sum due on the decree plus the unpaid taxes which are liens on said property."

The same question has been before courts in other states, and they have held against the contention of the appellants.

Mere inadequacy of price will not justify a court in refusing to approve a sale, unless the inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud, and such inadequacy is not shown

by sale for $150 of land claimed to be worth $300. *Doyle v. Maxwell,* 155 Ark. 477.

The only question to be decided on objections to confirmation of sale of land under mortgage foreclosure is whether the price was the best that the property would then bring for cash. *Dunlop v. Chenoweth,* 90 N. J. Eq. 85.

"A foreclosure sale will not be set aside on the ground of inadequacy of the price bid, in the absence of a showing that a larger or even as large a price could be obtained on a resale." *Farmers Bank v. Quick,* 39 N. W. 752 (71 Mich. 534).

"It is the general rule that, in the absence of fraud and unfairness, mere inadequacy of price does not furnish sufficient ground to invalidate a foreclosure sale, unless the price is so grossly inadequate and unconscionable as to shock the moral sense; or unless there be additional circumstances against its fairness." 19 R. C. L. 584, sec. 397. See *Wells v. Lenox,* 108 Ark. 366, Ann. Cas. 1914D, 11.

This court having the entire record before it in the form of affidavits, we are in no manner bound by the finding of the trial court.

This court has held: "A judicial sale of real estate will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake." *First Nat. Bank v. Hunt,* 101 Neb. 743; *Lindberg v. Tolle,* 121 Neb. 25.

This property sold for substantially its full value, considering that the delinquent and unpaid taxes against it amount to over $5,000, and no affidavit is submitted of any bidder willing to raise the price bid in the event of resale. *Fink v. Murdock,* 98 Neb. 1.

"There are no restrictions upon the means by which the trial court may satisfy itself that a fair price was obtained at a foreclosure sale or that a subsequent sale would not realize a greater amount. The burden is upon

the appellants to show affirmatively that the judgment of the trial court is erroneous." *Occidental Building & Loan Ass'n v. Beal, ante,* p. 40.

We have examined the record and believe the land sold for its fair and reasonable value under the conditions existing at the time. The judgment of the district court is therefore affirmed, with leave to redeem before mandate is issued.

AFFIRMED.