LINCOLN SAFE DEPOSIT COMPANY, APPELLEE, V. JOHN CARLSON, APPELLANT: SARAH CARLSON ET AL., APPELLEES.

FILED OCTOBER 6, 1933. No. 28542.

*Radcliffe & Wehmiller* and *Winfield M. Elmen,* for appellant.

*S. E. Torgeson, Rodman & Kuns* and *A. M. Bunting,* contra.

*R. A. Boehmer* and *Perry W. Morton,* for L. A. Ricketts, Trustee, *amici curiæ.*

*George B. Thummel* and *Hall, Cline & Williams,* amici *curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

Rose, J.

This is a suit in equity to foreclose a mortgage on 960 acres of land in Cheyenne county. For default in payment of debt and interest a judicial sale of the premises was ordered in 1931. Under the decree of foreclosure the mortgaged land was sold for $21,498.14, the amount of debt, interest and costs. From an order May 5, 1932, confirming the sale, defendants appealed to the supreme court.

When the cause was pending on appeal April 3, 1933, John and Sarah Carlson, defendants, filed in the supreme court a motion for a moratorium, delaying further judicial action and permitting them to retain possession of the mortgaged premises until March 1, 1935, under the moratory act of the legislature approved March 2, 1933. Laws 1933, ch. 65, sec. 1. Mortgagee, plaintiff, objected to the granting of a moratorium on the grounds that the question as to the right of defendants to such relief is not presented by the record in the foreclosure suit and that the moratory act of the legislature is unconstitutional and void.

For reasons stated in the opinion in *Wallace v. Clements, ante,* p. 358, the motion is overruled and the question as to the validity of the moratory act left open for future determination.

The only question presented by the appeal is the adequacy of the price for which the land was sold at the foreclosure sale. A critical examination of all the evidence leads to the conclusion that the trial court properly found that the price was fair and reasonable and that a resale in the regular course of judicial proceedings would not result in a higher price. There was no such discrepancy between the value of the premises and the accepted bid of the purchaser as to prevent confirmation or require a resale, the controlling principle being as follows:

"Mere inadequacy of price in a sale under foreclosure will not justify a court in refusing a confirmation, unless

such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud." *Lemere v. White,* 122 Neb. 676.

MOTION OVERRULED AND JUDGMENT AFFIRMED.