LLOYD P. WOLCOTT, APPELLEE, V. J. LESLIE WILES ET AL., APPELLANTS.

FILED DECEMBER 11, 1934. No. 29045.

*James E. Bednar,* for appellants.

*C. E. Tefft, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

Goss, C. J.

This was an execution sale. Defendants appeal from the confirmation on the ground (1) that the order of confirmation is not supported by the evidence; and (2) that the sale was for less than one-fourth of the decree and to allow a deficiency judgment for three-fourths of the decree would be inequitable and unconscionable.

The land is 104 acres with no buildings. It was bid in by plaintiff and sale confirmed at $6,000.

Appellants' evidence consists of three affidavits: One from a farmer, fixing the value at $7,500; one from the manager of an elevator, fixing the value at $7,500; and the third from a banker, fixing the value at $7,800. Appellee's evidence was the testimony of one engaged in the real estate and mortgage loan business, fixing the value at $65 an acre. This is all the evidence. There is no offer of any kind in any way assuring a higher bid in case of another sale.

"Mere inadequacy of price in a sale under foreclosure will not justify a court in refusing confirmation, unless such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud." *Lemere v. White,* 122 Neb. 676. The spread between the sale price and the value fixed upon the land by the witnesses is not so great as to produce either of these results.

The judgment of the district court is

AFFIRMED.