PHYSICIANS CASUALTY ASSOCIATION OF AMERICA, APPELLEE, v. RUTH A. BROWNFIELD: NOEL COVER, APPELLANT.

277 N. W. 599

FILED FEBRUARY 11, 1938. No. 30196.

*Squires, Johnson & Johnson,* for appellant.

*Frank H. Woodland* and *Schaper & Runyan, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

DAY, District Judge.

This is an appeal from an order of the district court for Custer county, Nebraska, confirming the sale of real estate in a foreclosure suit, consisting of 240 acres.

On February 4, 1935, a decree of foreclosure was entered against the property covered by the appellee's mortgage, in the amount of $7,802.53, and an eleven months' stay was granted by agreement of the parties in open court. Before the stay expired, in November, 1935, the appellant claims to have purchased the mortgaged premises, and on the 26th day of December, 1935, filed a motion for a moratorium, and on March 30, 1936, the court entered an order overruling the plaintiff's objection to granting a moratorium and sustained the application for moratorium made by the appellant. On January 15, 1936, an order of sale was issued, and the return of the sheriff discloses that he sold the premises to the plaintiff and appellee for $8,753.85 on February 24, 1936. On February 18, 1937, the appellee filed objections to an extension of the moratorium and a motion to confirm sale, and on March 4, 1937, an order was entered confirming the sale theretofore had. The amount due the plaintiff as of August 1, 1937, is $9,988.85, which sum has increased by this time by reason of interest charges.

The only grounds given by the appellant in his brief for this appeal is that the premises foreclosed sold for so much less than their value "as to constitute a fraud upon the said defendant and appellant and deprive him of his said property described herein, without due process of law." The evidence of appellant in support of his objections to the confirmation of sale is confined to the testimony of the appellant himself that the premises are worth $12,000; the testimony of Carl E. Faught that the property

is worth between $9,500 and $10,000; the testimony of Bert A. Wyman that the value of this place, together with the improvements, was around $10,000; and the affidavit of J. G. Osborn that the land including buildings is worth at least $9,500; and the affidavit of Andy Anderson that the premises are worth $10,000. None of his witnesses places the value over $10,000, except the appellant himself, who puts the figure at $12,000. This court has held repeatedly: "A judicial sale of real estate will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake." *First Nat. Bank v. Hunt,* 101 Neb. 743, 165 N. W. 139; *Lindberg v. Tolle,* 121 Neb. 25, 235 N. W. 670; *Lemere v. White,* 122 Neb. 676, 241 N. W. 105.

The appellant has not made a showing that any different result would or could be obtained by a resale. Obviously, if a new sale were ordered, the appellee would bid up to the then amount of the indebtedness, a sum considerably in excess of $10,000, and neither the appellant nor the former owners of this farm would get any benefit out of such a bid.

There is no precedent for reversing the order of the court in confirming this sale, and the appellant has not ventured to cite a case in support of his argument. The evidence fails to show any inadequacy of price, or such an inadequacy as would indicate fraud or mistake. Under the evidence, the trial court did not err in confirming the sale of this property, and it comes squarely within the rule announced: "A judicial sale of real estate will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake."

For reasons herein stated, the judgment of the district court is affirmed, with leave for the appellant to redeem at any time prior to the issuance of the mandate of this court.

AFFIRMED.