W. P. KANE, APPELLEE, V. SOREN JONASEN, APPELLANT, ET AL.

FILED SEPTEMBER 23, 1898.   No. 8267.

1. Foreclosure: SALE IN GROSS: DECREE. It is within the province of the district court in a decree of foreclosure to provide for the appraisement and sale of the premises in parcels or *en masse*, as the best interests of the parties may require.

2. ——: ——: DUTY OF SHERIFF. Where a decree of foreclosure contains no direction to the officer charged with its execution touching the appraisement and sale of the mortgaged property, he is vested with a discretion in regard to the matter which will not be disturbed, in the absence of a showing of prejudice to the party complaining.

3. ——: ——: ——: PRESUMPTIONS. Nothing appearing to the contrary, it will be presumed that an officer charged with the execution of a decree was regardful of the rights of the parties to the action, and in a lawful manner performed the duties imposed upon him.

4. ——: ——. Where a decree of foreclosure gives no direction concerning the appraisement and sale of mortgaged premises, an appraisement and sale in gross of two city lots will not be set aside unless it be made to appear that the party complaining has been thereby prejudiced.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Joel W. West*, for appellant.

*Wharton & Baird, contra.*

SULLIVAN, J.

In an action brought by Kane against Jonasen, the district court for Douglas county rendered a decree of foreclosure, and directed the sale of the mortgaged property, being two lots in the city of Omaha. Confirmation of the sale made in pursuance of the decree was resisted by the defendant on the ground that the lots had not been appraised and sold separately. The objection was overruled and the sale confirmed. The defendant appeals. It does not appear whether the lots are contiguous or disconnected. They may, for aught we know, be used, improved, and occupied as a single tract. As to their situation, condition, and use the record gives no information.

The general rule is that distinct tracts of land sold on judicial process should be separately appraised and sold separately. (*Laughlin v. Schuyler*, 1 Neb. 409.) But the rule has exceptions, one of which was recognized in *Craig v. Stevenson*, 15 Neb. 362, where it was held: "The mortgaged premises, consisting of three city lots upon which were situated a dwelling-house and appurtenances, some portion of which extended to and upon each of the said lots, were properly sold in gross, and the sale upheld." It is undoubtedly within the province of the district court to provide in a decree of foreclosure for the appraisement and sale of mortgaged premises in parcels or *en masse*, as the best interests of the parties may require. (*Macomb v. Prentis*, 57 Mich. 225; *Geuda Springs Town & Water Co. v. Lombard*, 47 Pac. Rep. [Kan.] 532; *Montague v. Raleigh Savings Bank*, 24 S. E. Rep. 6, 118 N. Car. 283.) And, if no direction in relation to the matter is contained

in the decree, the officer charged with its execution is vested with discretionary power, and his action in the premises will be sustained, in the absence of an affirmative showing of prejudice by the complaining party. (*Hughes v. Riggs*, 36 Atl. Rep. [Md.] 269; *Johnson v. Garrett*, 16 N. J. Eq. 31.)

It is quite possible that a separate sale of the lots here in question was neither practicable nor advantageous to either of the parties. We have no means of knowing what considerations influenced the action of the person commissioned to make the sale. We will presume, however, in the absence of evidence to the contrary, that he was regardful of the rights of the parties, and in a lawful manner discharged the duties which he assumed. The order appealed from is

AFFIRMED.

NORVAL, J.

I concur in the judgment of affirmance on the ground that the record fails to show that the lots were not contiguous.