H. A. LA SELLE, APPELLEE, V. W. D. NICHOLLS ET AL., APPELLANTS.

FILED OCTOBER 20, 1898.  No. 8356.

1. **Record for Review: MODIFICATION OF DECREE.** Confirmation of a judicial sale was resisted on the ground that the district court had, without notice to the appellant and at a term subsequent to that at which the decree was rendered, modified the decree by appointing a special master to make the sale, instead of the sheriff as the decree had provided.  The record brought to this court did not contain the decree or the order complained of. *Held,* That no cognizance could be taken of the question in the absence of such records.

2. **Judicial Sales: APPRAISEMENT: HARMLESS ERROR.** An error in appraising land for judicial sale whereby a tax-lien was deducted twice is without prejudice to the defendants when the land sold for more than two-thirds of the appraised value, correcting the error.

3. ————: **DESCRIPTION OF LAND: PRESUMPTIONS.** In the absence of evidence it will not be inferred that land described as the "north one-third of lots five and six" constitutes separate tracts which should be sold separately.

APPEAL from the district court of Gage county.  Heard below before BUSH, J.  *Affirmed.*

*L. W. Colby,* for appellants.

*Hazlett & Jack, contra.*

IRVINE, C.

This is an appeal from an order confirming a judicial sale of real estate. The appellants assert that at a term subsequent to that at which the decree was rendered the same was modified by appointing a special master to sell the property, instead of the sheriff as designated in the decree, and this without notice to appellants. The question as to the validity of such a proceeding is not presented by the record. The decree is not a part of the record filed in this court, nor does any order appear of the nature complained of. The only indication that there was any such proceeding is in certain affidavits which seem to have been used in support of the objections to the sale, but these cannot be permitted to take the place of a transcript of the record assailed.

One of the objections to confirmation was that certain taxes appeared in both the city and county treasurer's certificate and were thus twice deducted in making the appraisement. As the land sold for more than two-thirds of the appraised value, making due allowance for this error, the appellants were not prejudiced.

It is also claimed that different portions of the land should have been separately appraised. As before stated, we have not the decree before us. From the order, notice of sale, appraisal, and return it appears that the land was described as the "north one-third of lots five and six, in block seventy-seven," etc. This description in itself indicates a single tract, and there is nothing to show that there were separate tracts.

The remaining objections are barely stated rather than discussed in the brief, and relate to questions repeatedly decided adversely to appellants' contention.

AFFIRMED.