WILLIAM H. MALLORY, APPELLEE, V. RICHARD C. PATTERSON ET AL., APPELLANTS.

FILED JANUARY 8, 1902.  No. 10,863.

1. **Judicial Sale:** NOTICE. If notice of a judicial sale is first published at least thirty days before the sale, and its publication is continued in each successive issue of the paper between the first insertion and the day of the sale, the notice is valid, without publication on the day of sale.

2. ———: ———: SEMI-WEEKLY PAPER: PUBLISHER'S AFFIDAVIT. Objections that the newspaper in which a notice of a judicial sale was published was a semi-weekly paper, instead of a weekly, can not be sustained without proof sufficient to overcome the publisher's affidavit that the paper is issued once a week.

3. **Appraisement:** SEPARATE TRACTS OF LAND. Separate tracts of land must, when the circumstances will permit, be appraised and sold separately; but when the decree in a foreclosure action orders the land sold subject to a prior mortgage, the amount of which greatly exceeds the value of the property, and does not decree a sale in separate parcels, the sheriff may, in the exercise of his discretion, offer and sell the property as an entirety.

4. ———: OBJECTIONS. Objections to the appraisement and sale examined, and found to be without merit.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J. *Affirmed.*

*Richard C. Patterson,* for appellants.

*Hall & McCulloch* and *Ed P. Smith,* contra.

SULLIVAN, J.

This is an appeal from an order of the district court for Douglas county confirming a sale of real estate made under a decree of foreclosure. The notice of sale was published on July 26, August 2, August 9, August 16 and

August 23. The time appointed for the sale was August 30, and it is claimed that the notice was insufficient because it did not appear in the paper issued on that day. The statute (Code of Civil Procedure, sec. 497) provides that notice of the time and place of sale shall be given for at least thirty days before the day of sale. The giving of such notice on the day of the sale could serve no useful purpose, and is evidently not required by either the letter or spirit of the law. If notice of a judicial sale is first published at least thirty days before the sale, and its publication is continued in each successive issue of the paper between the first insertion and the day of the sale, the law is satisfied and the notice is valid. *Lawson v. Gibson,* 18 Nebr., 137; *Whitaker v. Beach,* 12 Kan. 492.

Another ground upon which appellants objected to the ratification of the sale, was that the notice was published in a semi-weekly newspaper, and appeared in only five issues thereof. The only evidence bearing upon this point is that contained in the publisher's affidavit, which plainly states that the publication was made in a weekly journal.

Another ground upon which confirmation was resisted is that the property, consisting of a large number of city lots, was offered for sale and sold *en masse.* We conceive the law to be that separate tracts of land must, when the circumstances will permit, be appraised and sold separately. But there are cases in which this can not well be done, and the case in hand is apparently one of them. The decree directed the sale to be made subject to a prior mortgage upon which there was due an amount greatly exceeding the value of all the lots. No direction was given by the court as to the manner in which the sale should be made, and consequently the officer charged with the execution of the decree was vested with a discretion in the matter, which was, it seems to us, wisely exercised. *Kane v. Jonasen,* 55 Nebr., 757. We are unable to understand, in the circumstances brought to view, how a sale in parcels could have been of any advantage to appellants, or how they could have been injured by the sale of the lots as an entirety.

It is urged that confirmation should have been refused because the property was appraised and sold greatly below its real value. This contention is obviously without merit. The appraisement was not questioned before the sale, and there is nothing in the record tending in the remotest degree to show that the appraisers acted fraudulently. The price which the property brought was, it is true, merely nominal; but, considering the amount of the prior liens, the value of the owner's interest was nominal, too.

The claim that no copy of the appraisement was filed in the office of the clerk of the district court before the first publication of the notice of sale is contradicted by the sheriff's return, and is unsupported by the proof.

The order appealed from is clearly right and is therefore

AFFIRMED.