Clark v. Birge.

---

FRANK E. CLARK ET AL., TRUSTEES, APPELLEES, v. WILLIAM W. BIRGE, TRUSTEE, ET AL., APPELLANTS.

FILED FEBRUARY 5, 1917.    No. 19158.

1. **Mortgages**: FORECLOSURE: SALE. Where a decree of foreclosure contains no direction to the officer charged with its execution touching the appraisement and sale of the mortgaged property, and the property is contiguous, and was mortgaged as a single tract, its appraisal and sale as such will not be disturbed, in the absence of a showing of prejudice to the complaining party.

2. ———: ———: APPRAISAL: REVIEW. "A finding of the court, on the objection that the appraisement of property sold at judicial sale is too low, based on a conflict of evidence, will not be disturbed or reviewed, unless the evidence clearly shows that there was fraud in the appraisement." *Andrews v. Lindley*, 63 Neb. 692.

100 Neb.—49

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed:*

*Wilcox & Halligan,* for appellants.

*Stout, Rose & Wells, Hoagland & Hoagland* and *W. H. De France, contra.*

MORRISSEY, C. J.

The district court for Lincoln county entered a decree of foreclosure and directed the sale of the mortgaged premises, consisting of 1,124 acres. The decree was silent as to whether the property should be appraised and sold in separate tracts or *en masse.* It was appraised as one tract for the sum of $20,000. Objections to the appraisal were filed alleging that the lands were fraudulently appraised much below their actual value, and that the appraisal ought to have been by government subdivisions of 160 acres or less. The objections were overruled, and the tract was sold to the plaintiffs for $30,000, a sum a little less than the amount due on the decree.

Defendants have appealed on substantially the same grounds set out in their objections. The lands are contiguous and were mortgaged as a single tract. The record is not specific, but we infer that the property had been used as a single tract.

In *Laughlin v. Schuyler,* 1 Neb. 409, it is held: "Each lot or parcel of ground must be appraised and sold separately, or the sale will be set aside." But in *Kane v. Jonasen,* 55 Neb. 757, it is pointed out that there are exceptions to this general rule, and the court held: "Where a decree of foreclosure contains no direction to the officer charged with its execution touching the appraisement and sale of the mortgaged property, he is vested with a discretion in regard to the matter which will not be disturbed, in the absence of a showing of prejudice to the party complaining."

"Where lands constituting one body are used as a single tract, ordinarily they may for judicial sale be appraised together." *Smith Bros. Loan & Trust Co. v. Weiss,* 56 Neb. 210.

In the instant case no prejudice to defendants is shown. A number of affidavits are filed setting out that the mortgagees were the only bidders at the sale, and that, had the tract been sold in parcels, other parties might have bid. But defendants do not undertake to show that the entire property would have brought more money if sold in parcels than it brought when sold *en masse.* The fact that the property was mortgaged as a single tract and kept and used in that way for a great many years may indicate that it sold to better advantage as a single tract than if divided into many parcels.

As to the assignment that the property was appraised too low, the sheriff and his appraisers fixed the value at $20,000, but the plaintiffs evidently realized that this property was all they could get in payment of their liens, and bid $30,000. Thus it will be seen that defendants have not been prejudiced by the appraisal, unless the value of the property exceeded $45,000. The valuation placed on the property varies all the way from $17.50 an acre to $60. One witness testified that he had had a wide experience in the land and loan business throughout central and western Nebraska. After giving a general description of the property, he placed its value at $31,000. Another witness, who has had several years experience in the real estate business at North Platte, placed the value at $35,000. One witness for defendant placed the value as high as $67,440, but the defendant himself placed it at $56,200. These estimates are irreconcilable, but when we take into consideration the fact that more than three years have elapsed since the decree was entered, and that defendants might have redeemed at any time by paying the amount due, we are constrained to believe that the defendant and his witnesses have greatly overestimated the value of the property. The trial

judge, who overruled the objections to the appraisement and confirmed the sale, has resided at North Platte, within 7½ miles of this land, for more than 30 years, and has served on the district bench more than 21 years. He must, in the very nature of things, have a general knowledge of land values in his county, and with this knowledge, together with his acquaintance with the appraisers and witnesses, he overruled the objections and confirmed the sale.

When all of the evidence on the question of value is fairly considered, it appears that the objections to the appraisal and confirmation are not well taken. The judgment is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.