FIRST NATIONAL BANK, APPELLEE, V. GEORGE J. HUNT ET
AL., APPELLANTS.

FILED NOVEMBER 3, 1917. No. 19678.

1. **Mortgages: FORECLOSURE SALE: SETTING ASIDE: INADEQUACY OF
   PRICE.** A judicial sale of real estate will not be set aside on account
   of mere inadequacy of price, unless such inadequacy is so gross
   as to make it appear that it was the result of fraud or mistake.

2. ————: ————. The general rule in this state is that in judicial
   sales distinct tracts of land should be appraised and sold separate-
   ly, but the district court may provide in a decree of foreclosure for
   the appraisement and sale of mortgaged property in parcels or *en
   masse* as the best interests of the parties may require.

3. ————: ————: SETTING ASIDE SALE. Where a decree of foreclosure
   contains no direction to the officer as to the manner of sale, and the
   property is contiguous and was mortgaged as a single tract, its
   appraisal and sale as such will not be disturbed in the absence of
   a showing of prejudice to the complaining party. *Clark v. Birge*,
   100 Neb. 769.

4. ————: ————: DUTY OF MORTGAGOR. Where a tract of land con-
   sisting of many government subdivisions is mortgaged as an en-
   tire tract, the debtor, if he desires it sold in parcels, should apply
   to the district court to direct the officer selling the same in what
   manner the sale should be made, or, since the officer in the ab-
   sence of directions is vested with discretionary power, he should
   point out to such officer the manner in which he believes the prop-
   erty should be divided in order to sell to best advantage.

5. ————: ————: SETTING ASIDE SALE: LACHES. Where the rec-
   ord does not show that the judgment debtor took steps to procure
   the direction of the court that the land be sold in separate tracts,
   or requested that the officer sell in such manner, he is not entitled
   as a matter of right to have the sale set aside because the land was
   sold *en masse*.

6. ————: ————: ————: IMPOSITION OF TERMS. Upon appeal from
   an order confirming a sale of real estate under foreclosure, a court
   of equity may in its discretion impose terms as a condition to set-
   ting aside the confirmation and allowing a resale, if it is equita-
   ble between the parties to do so.

APPEAL from the district court for Morrill county:
RALPH W. HOBART, JUDGE. *Reversed on condition.*

*F. A. Wright* and *G. J. Hunt,* for appellants.

*John W. Parish* and *K. W. McDonald, contra.*

LETTON, J.

This is an appeal from an order confirming a sale of a large tract of land in Morrill county, consisting of over 800 acres, under foreclosure, to satisfy a decree for $31,419.87. A small portion of the tract is laid out in lots as an addition to Bridgeport. The return to the order of sale shows that the lands were duly advertised and were sold to plaintiff for $45,000, being more than two-thirds of the appraised value. A motion by plaintiff to confirm the sale was made, and an affidavit setting forth the execution of the notes and mortgage in 1907; the rendition, on June 29, 1909, of a default decree of foreclosure; that four different appraisements have been made and two offers of sale made under each appraisement without bidders; that tax liens and other liens which are prior and superior to plaintiff's mortgage together with interest and costs, will make the amount invested in the land by plaintiff by the time it secures possession nearly $50,000. There is also an affidavit that the affiant knows the land; that it has not yielded interest upon an investment of $25 an acre, and is not worth now to exceed $40 an acre; that $45,000 is more than it is worth, and that it "would not sell for as much as that under any other conditions than it was sold."

A counter affidavit was filed to the effect that there is a demand for lots and small tracts of from one to ten acres in size adjoining towns in that locality; that none of the lands in the immediate vicinity has changed hands recently; that this land is not all alike in quality, but the larger portion of it is of the quality that is considered the best in the valley; that the tract in an entirety is worth on an average $115 an acre, and, if sold in tracts within the reach of small farmers, the affiant believes that demand would be found for it at prices from $150 to $300 an acre; that a tract as large

as this could not be sold in fairness by offering it as an entirety, and by offering it on a cash basis.

Another affiant states that as an entirety the land is worth on an average at least $100 an acre; that, if sold entire, it would not bring its value, for the reason that the parties living in that section have not the means of buying and paying cash for such a large tract; that the test of value is not by what it brings at public sale for cash, but what the land sells for in small tracts and on terms; that affiant has compiled abstracts for land sold in 40, 80, and 160-acre tracts lying from six to ten miles from a railroad station at prices ranging from $60 to $85 an acre.

Defendant deposes that the land is worth more than twice the purchase price, and, if sold in smaller tracts, he believes that a subsequent sale on more reasonable terms and under modified circumstances would bring a much larger sum.

In *Kane v. Jonasen,* 55 Neb. 757, it was said: "The general rule is that distinct tracts of land sold on judicial process should be separately appraised and sold separately. *Laughlin v. Schuyler,* 1 Neb. 409. * * * It is undoubtedly within the province of the district court to provide in a decree of foreclosure for the appraisement and sale of mortgaged premises in parcels or *en masse,* as the best interest of the parties may require. *Macomb v. Prentis,* 57 Mich. 225; *Geuda Springs Town & Water Co. v. Lombard,* 57 Kan. 625; *Montague v. Raleigh Savings Bank,* 118 N. Car. 283. And, if no direction in relation to the matter is contained in the decree, the officer charged with its execution is vested with discretionary power, and his action in the premises will be sustained in the absence of an affirmative showing of prejudice by the complaining party. *Hughes v. Riggs,* 84 Md. 502; *Johnson v. Garrett,* 16 N. J. Eq. 31." In that case there was no evidence that any prejudice had resulted to defendant. The court said it would presume in the absence of evidence, that the officer was regardful of the rights of the parties, and the order of confirmation

was affirmed. Other cases bearing on this point are: *Mallory v. Patterson,* 63 Neb. 429; *La Selle v. Nicholls,* 56 Neb. 458; *Clark v. Birge,* 100 Neb. 769.

It is the general rule in other jurisdictions that, where property which is susceptible of being sold in separate tracts is the subject of a foreclosure sale, it should, if practicable, be sold in parcels, rather than as an entirety. See note to *Miller v. Trudgeon,* 8 Ann. Cas. 739 (16 Okla. 337), and note to *Thomas v. Thomas,* Ann. Cas. 1913B, 616 (44 Mont. 102), in which notes the cases are quite fully collected. The object is to allow freer competition, so that each tract may bring the best price, and that no more land be sold than enough to pay the debt. This has been adopted by this court as the proper method of sale under such decrees, and sales of tracts *en masse* have been permitted to stand only where no prejudice is shown to have resulted. Where no direction is given in the decree, the manner of sale is to some extent in the discretion of the officer. This property is in one body, but it composes many governmental subdivisions. It is not shown that it is fenced in separate tracts, or even cultivated as separate farms; the only element of division seems to be the distinction between the small portion subdivided into village lots and farm land. It would seem that the better practice, where such a large contiguous tract of land is to be sold, is that the direction of the court be taken as to the manner in which the sale should be made, or the debtor, if he desires it sold in parcels, should point out to the officer the manner in which he believes the property would sell to best advantage. The proper method would seem to be that the property should be offered first in parcels in accordance with the reasonable suggestions of the debtor or the directions of the court, and, if the total amount bid for all does not equal the mortgage debt, then it should be offered in gross. Whichever of these results produces the largest amount of money should be finally adopted and the property awarded to the proper bidder. However, if the debtor permits the sale to be made *en masse* without

objection, and afterwards, when a motion is made for confirmation, to allow him to come in with the plea that the land should have been sold in parcels would seem to allow him to take advantage of his own laches.

This court has repeatedly refused to set aside sales of real estate on account of mere inadequacy of price, unless such inadequacy was so gross as to make it appear that it was the result of fraud or mistake. *Vought v. Foxworthy,* 38 Neb. 790; *Kearney Land & Investment Co. v. Aspinwall,* 45 Neb. 601; *Iowa Loan & Trust Co. v. Stimpson,* 53 Neb. 536; *Green v. Paul,* 60 Neb. 7; *Jones v. Cleary,* 2 Neb. (Unof.) 541. But where the evidence seems to indicate that men of means sufficient to buy the whole tract are very rare in the vicinity, that the land, if sold in parcels, would be more salable, and that the price for which it actually sold is much less than its actual value, the concurrence of these factors may make the result so harmful to the rights of the debtor that a resale should be had. *Ryan v. Wilson,* 64 N. J. Eq. 797.

It appears that this land had been appraised four times and offered for sale eight times before the sale in controversy, and, so far as the record shows, the debtor made no attempt during the six years after the decree in which the sale proceedings were pending to procure the direction of the court as to the manner of sale, or to control the discretion of the selling officer by requesting and setting forth reasons why the land should be sold in separate parcels. It was said at the hearing that the sheriff had been ordered by the creditor to sell as a whole, and by the debtor to sell in separate tracts, but this was disputed, and there is no proof of either of these statements in the record. Interest on the debt and on delinquent taxes is piling up at the rate of over $200 a month. A resale will probably cause a delay of at least six months and will entail additional costs. It is over six years since the debt matured, and the creditor is entitled to its money.

Even if the land is of much less value than the defendant asserts, the proceeds of a resale in separate tracts

ought to be sufficient to pay the added costs, together with interest upon the whole debt until a resale can take place and the proceeds be realized. It is not infrequent that courts of equity impose terms upon setting aside a confirmation and allowing a resale of property. *Porch v. Agnew Co.*, 66 N. J. Eq. 232; *Henderson v. Kibbie*, 211 Ill. 556. There can be no hardship in requiring the defendant as a condition to the relief sought either by resale under the decree, or by the additional time allowed under which to sell at private sale and redeem, to enter into a bond in the sum of $2,000 to indemnify plaintiff from all loss and damages that may result in the event that the property on resale does not produce enough to pay the amount bid at the sale, with interest at the rate fixed in the decree, and the additional costs incurred by resale.

The judgment of the district court is affirmed, unless the defendant within 30 days execute and file in the office of the clerk of this court such a bond, with sureties to be approved by the clerk of the district court for Morrill county. If such bond is given and approved within said time, then the judgment is reversed and the cause remanded, with leave for defendant to apply to the district court for directions to the officer as to the manner in which the sale should be made, or to apply to the officer at or before the time of the sale to sell in separate tracts as may seem best to produce the largest amount of money.

JUDGMENT ACCORDINGLY.