L. PEARL LINDBERG, APPELLEE, V. CHARLES A. TOLLE: LIBERTY STATE BANK, APPELLANT.

FILED MARCH 26, 1931. No. 27651.

*Radcliffe & Wehmiller* and *W. M. Elmen*, for appellant.

*T. F. Neighbors, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Paine, JJ.

PAINE, J.

This was an action in foreclosure brought by the plaintiff and appellee, L. Pearl Lindberg, to foreclose a first mortgage lien against certain real estate.

A decree of foreclosure was duly entered May 27, 1929, the plaintiff being declared the owner of a first lien in the amount of $2,780 with interest at 8 per cent. and costs. Twenty days in which to redeem were allowed; and the Liberty State Bank, of Sidney, Nebraska, appellant, filed its request for a stay of execution for the statutory period of nine months, and the same was allowed.

At the expiration of the stay, February 28, 1930, an order of sale was issued by the clerk of the district court, and pursuant thereto, on the 8th day of April, 1930, after full and legal publication, the real estate was sold at pub-

lic auction to the plaintiff herein, for the sum of $1,500, and on the same day the defendant and appellant, the Liberty State Bank, of Sidney, Nebraska, then the owner of the real estate involved, filed objections to the confirmation. On May 26, 1930, the district judge, after hearing the evidence, overruled the objections to confirmation, and an order was entered confirming the sale and ordering the sheriff to make a deed to the purchaser, and fixing the supersedeas bond at $300.

On June 9, 1930, the said Liberty State Bank filed a notice of its appeal and gave bond, which was duly approved by the clerk.

The assignments of error were based upon inadequacy of price. Under our statute the trial court passes on the regularity of foreclosure sales and the proceedings leading thereto. There are no restrictions upon the means by which that court may be satisfied that the land brought its fair value. No fraud is alleged in this case.

We have examined the record in this case and believe that the land sold for its fair and reasonable value under the conditions existing at the time. *Vought v. Foxworthy,* 38 Neb. 790; *Frederick v. Gehling,* 92 Neb. 204; *First Nat. Bank v. Hunt,* 101 Neb. 743.

The judgment of the district court is therefore affirmed, with leave to redeem before mandate is issued.

AFFIRMED, WITH LEAVE TO REDEEM.