CLARKE-BUCHANAN COMPANY, APPELLEE, V. GIDEON B. HARDIN, APPELLANT.

FILED NOVEMBER 20, 1931. No. 27909.

*Perry, Van Pelt & Marti,* for appellant.

*Herman G. Schroeder, Franklin L. Pierce* and *J. L. Fults, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

This is an appeal from an order confirming a sale of farm lands under a decree of foreclosure entered November 20, 1929. The decree was for $6,311.51 for plaintiff, as a first lien, for $1,391.22 for a cross-petitioner, as a second lien, and for $5,325.25 for another cross-petitioner, as a third lien. The order of sale was stayed and did not issue for nine months. On September 29, 1930, the sheriff sold the land to the highest bidder for $7,900. A motion was duly filed to set aside the sale on the ground of inadequacy of sale price, alleging that the land was worth at least $12,000 to $14,000. Testimony was taken by the court on November 26, 1930, as to the value of the 240 acres involved. Witnesses for the plaintiff placed the value at from $7,200 to $8,000; those for the defendants at from $9,000 to $12,000. Gideon B. Hardin testified that a little over a year before a certain man called at his house and offered $12,000 for the land. The court postponed action until 9 o'clock a. m., January 5, 1931, to give the defendant Hardin an opportunity to secure one who would agree to bid not less than $8,500 and who would deposit with the sheriff $500 to insure the carrying out of his offer if a resale was ordered. On January 5, 1931, no such offer having been secured, the court overruled the objections and confirmed the sale. There does not appear any such inadequacy of price, even considering the values set by wit-

nesses for the defendant, as to indicate any fraud or mistake, and for that reason this court is not required to set aside the confirmation of this judicial sale. *First Nat. Bank v. Hunt,* 101 Neb. 743; *Lindberg v. Tolle,* 121 Neb. 25. The trial court heard and saw the witnesses. We find no valid reason for setting aside the judgment of the district court. It is affirmed, with leave to redeem at any time before the issuance of the mandate.

AFFIRMED.