NELS ERICKSON, APPELLEE, V. THORWALD J. HANSEN ET AL., APPELLANTS: MARGARET HANSEN ET AL., APPELLEES.

FILED NOVEMBER 8, 1935. No. 29376.

*Radcliffe & Wehmiller* and *W. G. Badham,* for appellants.

*Heaton & Heaton, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an appeal from an order confirming sale of mortgaged premises under a decree of foreclosure, and from a denial of a stay under the moratory law. Comp. St. Supp. 1933, sec. 20-21,159.

The mortgage in question was executed by Thorwald J. Hansen and wife. After decree of foreclosure, Hansen Investment Company, which had become the owner of the fee, requested and obtained the nine-months' stay provided by statute. After the expiration of this stay, the premises were sold to the plaintiff for $6,299.01, being the full amount of plaintiff's lien, interest and costs. Before confirmation Hansen Investment Company filed objections to

the confirmation of sale, on the ground that the mortgaged premises did not sell for their fair and reasonable value, and alleged that, if resold, they would bring a greater amount. Mr. Hansen filed a request for a stay of proceedings until the 1st day of March, 1935, under section 20-21,159, Comp. St. Supp. 1933, being the statute providing for a moratorium. At a hearing, at which evidence was taken, the court entered its order confirming the sale and denying the application of Mr. Hansen for a stay under the moratory statute.

The evidence as to the value of the mortgaged premises is in conflict. However, the far greater weight of the evidence is to the effect that the amount paid by the plaintiff was in excess of the actual value of the premises. The finding of the court, that the premises sold for a fair value and would not bring more at a subsequent sale, is amply sustained by the evidence.

The applicable rule is: Mere inadequacy of price will not preclude confirmation of foreclosure sale, unless shocking conscience of court, or amounting to evidence of fraud. *First Nat. Bank v. Hunt,* 101 Neb. 743; *Lindberg v. Tolle,* 121 Neb. 25; *Lemere v. White,* 122 Neb. 676.

We think the court did not commit error in denying Mr. Hansen's request for a stay under the moratory law. The moratory law, by its terms, may be invoked by the owner of the real estate or persons liable on the mortgage or notes secured thereby. The evidence discloses that Mr. Hansen had parted with his interest in the land and was no longer the owner. Since the property sold for sufficient to pay the mortgage debt, interest and costs, he had no liability to the mortgagee and no interest to protect.

In *Clark v. Hass, ante,* p. 112, it was held: "Where, upon a hearing on an application for a moratory stay of proceedings under section 20-21,159, Comp. St. Supp. 1933, it appears that the amount of the mortgage lien exceeds the value of the lands secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application." In the opinion it was said (p. 114):

"The very purpose of the moratory act was to protect the interests of mortgagors where, because of the existing emergency, their lands would be sold to satisfy mortgage liens of a much less amount than the value of the mortgagor's interest. But a mortgagor who has no actual equity in the land has no valuable interest to protect." It clearly appears that Mr. Hansen had no personal interest to protect and was not in a position to invoke the aid of the moratory statute.

It seems to be contended that Mr. Hansen's application for a moratory stay should inure to the benefit of the Hansen Investment Company. It may be observed that this company, the owner of the fee, did not invoke the aid of the law and, had it done so, it would have been of no avail, since a defendant in a foreclosure action is not entitled to the benefit of the moratory statute where the mortgage lien equals or exceeds the actual value of the mortgaged premises, and where the premises are sold under decree for the full amount of the mortgage lien, interest and costs.

The record discloses no error. Judgment

AFFIRMED.