FIRST TRUST COMPANY OF LINCOLN, APPELLANT, V. RALPH E. HICKEY, ADMINISTRATOR, ET AL., APPELLEES.

FILED FEBRUARY 1, 1936. No. 29741.

G. *Porter Putnam, Jr.*, for appellant.

*Patrick & Smith*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity to foreclose five mortgages, each for $20,000 on a quarter section of land in Sarpy county—all an 800-acre farm. Edward Hickey and Bertha L. Hickey, husband and wife, were mortgagors. They died while the unpaid mortgages were liens on the land and Ralph E. Hickey was appointed administrator of the estate of each decedent. Plaintiff is the First Trust Company of Lincoln, as successor-trustee to the Lincoln Safe Deposit Company and the Lincoln Trust Company, bankrupts. The defendants are the administrator of the estates of the deceased Hickeys, the latter's heirs and L. A. Ricketts, trustee in bankruptcy of the two bankrupts named.

A chronology of events follows: October 3, 1934, decree for the foreclosure of each of the five mortgages for an unpaid debt of $24,696.52 or $123,482.60 in all and stay of sale for nine months, or until July 3, 1935; August 13, 1935, request by administrator for moratory stay until March 1, 1937, under the act of 1935; August 14, 1935, each quarter section of land sold at judicial sale to plaintiff for $20,000, or all for $100,000; September 11, 1935, motion to confirm sale overruled and moratorium granted until March 1, 1937. Plaintiff appealed.

Were the heirs of the deceased mortgagors or the administrator entitled to a moratory stay under the act of 1935? Comp. St. Supp. 1935, sec. 20-21,159. The moratory rights of mortgagors and of others claiming an equitable interest in mortgaged land were considered in former cases. A recent opinion contains the following observations on the moratory law:

"It was clearly not the intent of the legislature that every person should be entitled to a moratory stay as a matter of

right, otherwise there would have been no occasion for the words, 'unless upon hearing on said application, good cause is shown to the contrary,' contained in the act. We therefore conclude that it must have been the intent of the legislature to relieve only such mortgagors as have an interest in their lands over and above the liens against them.

"It was the intent of the legislature undoubtedly to afford relief to mortgage debtors who would lose valuable property because of the existing economic emergency. It was not its intention to keep mortgagors in possession of their lands irrespective of the fact that they had no valuable interest therein." *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792.

This was approved in a later case. *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132.

In view of former rulings, the uncontradicted evidence in the present case shows that the moratorium was erroneously granted. For five years prior to the judicial sale defendants failed to pay taxes amounting to more than $3,000 and interest exceeding $30,000. The lien on each quarter section of land increased by interest and taxes from $20,000 to $24,696.52 or to $123,482.60 in all. The highest bid at the foreclosure sale was $20,000 for each quarter section of land or $100,000 for all. It is the proper deduction from the uncontradicted evidence that the indebtedness exceeded the value of the land to the extent of more than $30,000. Under the cases cited, therefore, neither the administrator nor any other defendant had an equity or other interest which the moratory act was intended to protect.

It is insisted, however, that values were estimated only in affidavits which were inadmissible for that purpose. This point is not well taken for the reason that method of proof on application for a stay of proceedings is authorized by statute. Comp. St. 1929, sec. 20-1244.

For the reasons stated the judgment overruling the motion to confirm the judicial sale and granting the moratorium is reversed with instructions to the district court to confirm the judicial sale on the record as it stands.

REVERSED.