FIRST TRUST COMPANY OF LINCOLN, TRUSTEE, APPELLANT, V. ALBERT STENGER ET AL., APPELLEES.

FILED APRIL 15, 1936. NO. 29644.

*Hall, Cline & Williams* and *Lamont L. Stephens,* for appellant.

*Robert H. Mathew, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is a mortgage foreclosure suit in which a decree was entered June 12, 1934. The statutory nine months' stay

was taken, after which an order of sale was issued, and the property was sold to plaintiff, the highest bidder, on May 7, 1935, for $39,800. Thereafter, on June 11, 1935, one of the defendants made an application that all proceedings be stayed until March 1, 1937, under section 20-21,159, Comp. St. Supp. 1935, known as the mortgage moratorium law. Objections to this application were filed by the plaintiff, one of which is that the applicant has no equity in the land, and that the amount of the decree is in excess of the reasonable market value of the land. The trial court entered an order June 18, 1935, granting the application for a moratory stay.

It was stipulated by the parties at the time the matter was heard that the amount due under the decree at the time (June 11, 1935) was the sum of $40,191.94.

Two qualified and disinterested witnesses testified that the farm, consisting of 1,040 acres located in Sherman county, Nebraska, was worth as a top price, $27,000. These witnesses gave cogent reasons for their valuation. Another competent witness testifying for the applicant did not place a market value as of the time of trial. He expressed the opinion that this farm had future possibilities if an irrigation development made it possible to irrigate several hundred acres. There is no evidence to indicate any probability that this land would be made irrigable. As the record is, an opinion based largely upon such a conjecture is too highly speculative to be given serious consideration in a court of justice. The other witness for the applicant, whom the record does not reveal has any qualifications as an expert witness upon the value of farm land, places the same value upon the land, conditioned, "if the ditch would happen to go through." This witness, in response to a query as to the actual worth of the land on the market, stated: "Well, that's a hard question for me to answer."

Giving the testimony of the witnesses for the applicant a consideration to which it is not entitled, and taking an average of all witnesses, the average is only $38,500. *Luikart v. Graf, ante,* p. 736. We give the greater weight to the testimony of the objectors, and we are confirmed in our

judgment by certain statements in letters written by one of the defendants some time before this hearing, in which he stated: "I think you will agree with me that $20,000 will buy outright better producing properties than the ranch in question." Where, as in this case, the evidence establishes that the amount of the mortgage lien on land exceeds the value, a moratory stay must be denied. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792. The statute provides that moratory stays shall be granted unless "good cause is shown to the contrary." Where the applicant has no valuable interest to protect, good cause is shown for a denial of an application for a moratory stay. Comp. St. Supp. 1935, sec. 20-21,159.

The objections of plaintiff to the application for a moratory stay question the validity of the mortgage moratorium law, *supra,* asserting that it violates the provisions of both federal and state Constitutions.

This presents interesting and attractive questions for consideration. We must, however, brush aside the temptation to indulge in such a discussion because the rule is well established by a long line of authorities in this jurisdiction that a statute will not be declared unconstitutional unless necessary for a proper disposition of the pending case. *Lane v. State,* 120 Neb. 302, 232 N. W. 96; *War Finance Corporation v. Thornton,* 118 Neb. 797, 226 N. W. 454.

The conclusion of this court, therefore, is that the trial court erred in granting a moratory stay. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.