M. D. KELLER ET AL., APPELLEES, V. ARTHUR C. BOEHMER, ADMINISTRATOR, ET AL., APPELLEES: W. E. HEGINBOTHAM, APPELLANT.

FILED APRIL 15, 1936.   No. 29572.

*Hastings & Hastings,* for appellant.

*E. E. Jackman, Bruce K. Lyon* and *W. C. Conover, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an appeal from an order of the district court confirming the sale of 320 acres of land in a foreclosure action in Perkins county.  After the appeal was perfected, the appellant, as owner of the second lien under the decree of foreclosure, made application in this court to redeem from

the sale, and for an order subrogating himself to the rights of the purchaser at the sale.

It is contended that the trial court erred in confirming the sale for the reason that the sale price was so inadequate as to make it appear that it was the result of fraud or mistake. The record shows that this land sold for $5,225. The testimony of appellant's witnesses was to the effect that the land was worth $25 an acre. We believe, after a consideration of all the evidence, that the finding of the trial court that the premises sold for a fair value and would not bring more at a subsequent sale is supported by the evidence. The following rule is controlling: Mere inadequacy of price will not preclude confirmation of a foreclosure sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud. *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132; *First Nat. Bank v. Hunt,* 101 Neb. 743, 165 N. W. 139; *Lindberg v. Tolle,* 121 Neb. 25, 235 N. W. 670; *Lemere v. White,* 122 Neb. 676, 241 N. W. 105.

The only remaining question is whether the appellant has a right to redeem from the sale and become subrogated to the rights of the purchasers in this court pending an appeal from the order of confirmation. The record shows that appellees Keller and Jackman were the owners of the first mortgage in the amount of $4,500, upon which a decree was entered in the case at bar for $4,869.79 and adjudged to be a first lien. The appellant was the owner of a second mortgage on the premises in the amount of $3,200, upon which a decree was entered for $4,641.40 and adjudged to be a second lien. The premises were subsequently sold at judicial sale to appellees Keller and Jackman for $5,225, the amount of their lien plus interest and costs. The appellant did not bid at the sale. The trial court confirmed the sale and appellant perfected his appeal. He then filed his application in the supreme court to redeem from the sale and for an order subrogating himself to the rights of the purchasers if redemption was allowed. Has a second lien holder a right to redeem and to a decree of subrogation under such circumstances?

The redemption statute of this state makes no provision for a redemption by the owner of a junior mortgage. Comp. St. 1929, sec. 20-1530. The property in the case at bar was sold under a decree rendered in favor of the appellant. While it is true that the owners of the first mortgage commenced the foreclosure action, nevertheless the appellant, as the owner of the second mortgage, was made a party defendant and, under such circumstances, the decree is as much that of one as the other.

In the case of *McCullough v. Rose,* 4 Bradw. (Ill. App.) 149, the court said: "The property was sold by virtue of a decree rendered in favor of appellants, Lemon Fouts, James Bell and Alexander Brown. It is as much the decree of one as the other. The moieties of the different creditors were declared by the court, and the master was directed as to which claims he was to pay first. This did not in any respect change the character of the decree. It was as much the sale of one as the other. A party cannot redeem from his own sale. Redemption is a statutory right, favored, it is true, by the courts, because it is desirable that the debtor's land should pay as many of his debts as possible, but there is no authority anywhere for a party to redeem from his own sale. The sale already made is for his benefit. The decree is specifically against that property, to that extent a proceeding *in rem.* In case the specified property is sold and the proceeds do not pay the various claims, in that event the plaintiffs would be entitled to executions on their judgments against the property of the defendants. The parties may and ought to protect themselves by being present at the sale. The record in this case shows the property to have been valued at more than twelve hundred dollars, yet there is no pretense but what the sale to appellant was fair and honest."

In the case of *Bloomingdale v. Barnard,* 7 Hun (N. Y.) 459, the court said: "First, then, as subsequent encumbrancer; and in that view, as to piece number one. The defendant holds a judgment of foreclosure and sale for $2,000, to which the plaintiff was a party; the defendant holds the

next lien, a mortgage which is unpaid, $53,000. The plaintiff holds the third mortgage, given to him before the foreclosure was commenced, and in respect to which undoubtedly he was made a party to the foreclosure. The equity of redemption was cut off by the foreclosure. If he had any defense or ground of equitable relief he should have set it up in that action. As a mere third mortgagee there is no reason why he should stay the sale. The same person holds the first and second mortgages. The holder of the third mortgage clearly cannot as such claim to be subrogated to the first. If he could, then, after he asserted that claim the holder of the second mortgage could claim the same right and‘could be subrogated back again. As mere third mortgagee, especially after a judgment of foreclosure to which he was a party, his rights are protected by the opportunity to purchase at the sale or to pay up beforehand."

In the case of *Lauriat v. Stratton,* 6 Saw. (C. C. A.) 339, the court ably considered the proposition now before us, and, in part, said:

"The lien of the Cooke mortgage having been extinguished by the sale upon the decree to enforce the lien thereof, the defendant Stratton, as the assignee of Cooke, had no lien upon the property sold, and therefore no right of redemption under the statute. If he wanted the property at any figure beyond the amount due Swegle he should have overbid him at the sale.

"The policy of the statute is to make the property pay the debts of the owner as far as possible. To this end it is provided, that as to all the creditors who are parties to the decree, the property shall be absolutely disposed of at one sale to the highest bidder upon an execution, which is, in legal intendment and effect, the process of all of them. By this means the interest of the creditors is made to promote a healthy competition at the sale for the benefit of the debtor. But to allow the property to be sold to any one of the creditors for the amount of his debt and costs, upon the understanding that the other creditors whose liens are subsequent in point of time, may protect themselves by redeem-

ing from him and one another, would be to provide in effect that the property should be knocked down to the prior lien creditor for not more than the amount of his debt and costs, subject to the right of redemption by the junior creditors.

"Besides, if the lien of the subsequent encumbrancer is not extinguished by the sale, what is there to prevent him from enforcing the decree as to himself by execution? It appears to follow as a logical and legal consequence from the premises, that if his lien is neither extinguished nor satisfied by the sale, and the decree has ascertained the fact and amount of his lien, and directed the premises to be sold to satisfy it, he has his remedy by execution against the property, and may resell it subject to prior encumbrances. And this process may be repeated under like circumstances by every other encumbrancer. But the statute certainly never contemplated such an absurdity, let alone injustice, as this.

"The right of redemption is only given as a protection against a sale to which the redemptioner is not a party and therefore cannot control, but which may result to his injury. In the very nature of things the right to redeem is inconsistent with the right to sell."

Also, in the case of *Horn v. Indianapolis Nat. Bank,* 125 Ind. 381, 25 N. E. 558, the court said: "As the law contemplates a final decree adjusting all rights and equities, and as such a decree was rendered in the foreclosure suit involved in this case, it necessarily results that a sale upon that decree was a sale on all the judgments embodied in it. This being true, it must also be true that none of the claimants in whose favor a judgment was incorporated in the decree of the court can redeem from the sale made on the decree."

In *Western Land & Cattle Co. v. National Bank,* 28 Ariz. 270, 236 Pac. 725, the court said: "We think the true rule is laid down by the supreme court of California, and which was followed in the *Horn* case, in a long line of decisions to the effect that where a number of liens are foreclosed in one suit and there is one judgment and an order of sale thereon directing the payment of the liens in a certain order, none

of the holders of such liens are entitled to redeem, but if the junior liens are not foreclosed the right of redemption still exists."

To like effect is the holding in *San Jose Water Co. v. Lyndon,* 124 Cal. 518, 57 Pac. 481, wherein the court said: "The only facts necessary to be stated are these: An action was brought to foreclose a mortgage upon the land in question, and the said Levy, who was a junior mortgagee, was made a party to the foreclosure suit; Levy, by a cross-complaint, set up his junior mortgage, and prayed for a foreclosure of his mortgage and sale of the premises; the court decreed a foreclosure of both mortgages and a sale under them; the proceeds of the sale were merely sufficient to pay the senior mortgage; and Levy had a judgment docketed, but did not pray for nor was there any deficiency judgment, at least in form, entered. The facts in *Black v. Gerichten,* 58 Cal. 56, were similar to those in the case at bar, except that in the former case the junior mortgagee had a deficiency judgment entered—but the latter fact does not alter the rule there declared. A mortgagee cannot redeem from the sale made upon the foreclosure of his mortgage; and it makes no difference whether the foreclosure is in a suit originally brought by him, or upon a cross-complaint in which he prays for and obtains a foreclosure in a suit brought by another mortgagee. In the case above cited the court say: 'Whether such mortgagee was foreclosed in the action in which the mortgagee was plaintiff, or defendant, is immaterial, for in the latter case he filed a cross-complaint and prayed a foreclosure of his mortgage. It is quite clear that the plaintiff in this case had no mortgage lien on the property subsequent to that on which the property was sold. For it was sold upon his mortgage lien, and his mortgage was merged in the judgment under which it was sold.' "

A text-writer has aptly stated the rule as follows: "After a decree for the foreclosure of a prior mortgage has been rendered in proceedings to which the junior encumbrancer was a party, the latter cannot then claim a decree of subro-

gation, or prevent the sale of the premises, unless he can show that the payment of the prior mortgage or its enforcement by foreclosure and sale would work him an injustice; his application comes too late; as mere junior mortgagee, his rights are sufficiently protected by the opportunity to purchase at the sale, or to pay off the prior encumbrance before the sale." Sheldon, Subrogation (2d ed.) sec. 18.

We are therefore driven to the conclusion that the appellant has no right to redeem and be subrogated to the rights of the purchasers. His application will therefore be denied.

AFFIRMED.