LINCOLN NATIONAL LIFE INSURANCE COMPANY, APPELLEE, v. WESLEY J. RICHARDS ET AL., APPELLANTS: FEDERAL TRUST COMPANY ET AL., APPELLEES.

271 N. W. 794

FILED MARCH 5, 1937. No. 29888.

*E. E. Richards*, for appellants.

*Francis V. Robinson* and *Ginsburg & Ginsburg*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an appeal from an order of confirmation and denial of a moratorium in an action for foreclosure of a real estate mortgage.

The only objection to confirmation is that the mortgaged premises did not bring an adequate price. The mortgaged premises were bid in by the plaintiff for $9,600, but plaintiff also waived right to a deficiency judgment. The total amount of the decree in favor of plaintiff was $10,510, which with accumulated interest at the time of the sale, together with accumulated taxes, amounted to more than $12,000. Plaintiff's bid, therefore, was in effect more than $12,000 for the premises. The evidence of plaintiff is to the effect that the property was not worth more than $9,600 at the time of the sale, and $11,000 at the time of confirma-

tion, more than a year later. The evidence for plaintiff was by witnesses produced and orally examined in court, while the evidence for defendants, except that of defendant Richards himself, was by affidavit only.

There is a wide variation in the opinion of witnesses on either side. Evidence of value is largely a matter of opinion, especially as to realty. *Montana Ry. Co. v. Warren*, 137 U. S. 348, 353, 34 L. Ed. 681, 683. The evidence on behalf of defendants does not purport in the affidavits to state the market value of the premises. They speak of the intrinsic value, whatever that may be. There is no evidence, if the property was offered for sale again, that it would bring a larger price. No one has been produced who would bid more if a subsequent sale were had. The trial court was doubtless familiar with the witnesses and with the general conditions in that part of the state, and was in a better position to determine the weight of the evidence, especially as to those witnesses who appeared before it. Under the circumstances, we will consider the fact that the trial court saw and observed the manner in which the witnesses testified, at least as to those who testified orally in court.

"Mere inadequacy of price will not preclude confirmation of foreclosure sale, unless shocking conscience of court, or amounting to evidence of fraud." *Erickson v. Hansen*, 129 Neb. 806, 263 N. W. 132. To the same effect are *First Nat. Bank v. Hunt*, 101 Neb. 743, 165 N. W. 139; *Lindberg v. Tolle*, 121 Neb. 25, 235 N. W. 670; *Lemere v. White*, 122 Neb. 676, 241 N. W. 105; *Keller v. Boehmer*, 130 Neb. 763, 266 N. W. 577; *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82.

It may be noted that for more than five years defendants have not paid a penny on the principal of their mortgage, or the interest or taxes. The evidence further shows that for five years previous to confirmation of sale the premises had not produced enough to pay the cost of production. The finding of the trial court as to the adequacy of the price bid is supported by the evidence.

Defendants applied for a moratory stay under the act of

1933. A hearing was had thereon and a moratorium denied. The evidence of that hearing is not before us. Later, and before confirmation of sale, defendants made another application for a moratorium under the act of 1935 after it had become a law, and a hearing was had thereon. Again a moratorium was denied. Whether the first denial of a moratory stay, unappealed from, is final, *quære*. That question is not argued or briefed, and is therefore not decided.

The evidence in the record fairly shows that the encumbrance against the land is far in excess of its actual market value, and defendants have no equity in the land to be protected by a moratory stay. This court has frequently held that a moratory stay must be denied where it appears that the amount of the mortgage lien on the land exceeds its actual value. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792; *First Trust Co. v. Stenger,* 130 Neb. 750, 266 N. W. 642; *Luikart v. Graf,* 130 Neb. 736, 266 N. W. 641; *First Trust Co. v. Hickey,* 130 Neb. 351, 264 N. W. 888. Where the mortgagor has no valuable interest in the mortgaged premises to protect, good cause is shown for denial of an application for a moratory stay. *First Trust Co. v. Stenger, supra.*

The record discloses no error in denying a moratorium. Judgment

AFFIRMED.