PALMER FINDLEY, APPELLEE, V. EMELIA PETERS ET AL., APPELLANTS: FIRST NATIONAL BANK OF SCRIBNER ET AL., APPELLEES.

277 N. W. 595

FILED FEBRUARY 11, 1938. No. 30180.

*Donald S. Krause* and *R. B. Hasselquist,* for appellants.

*Abbott, Dunlap & Abbott* and *Courtright, Sidner, Lee & Gunderson, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

DAY, J.

This is a suit to foreclose a mortgage on a tract of Dodge county land. On the 9th of February, 1937, the trial court denied the appellants' motion for a moratorium, and an appeal was taken to this court.

The only question presented here by this case is a question of fact. Does the evidence sustain the trial court in its denial of a moratory stay? The trial court correctly found that the amount of the liens against the land was approximately $30,000. Since the hearing, about $1,100 interest and taxes have accrued. The contention of the appellants is that the property is worth between $30,000 and $36,000. Some of the testimony of the appellants did not justify a finding that the real estate is of more value than the indebtedness. There are 200 acres, and this would mean that the tract was worth from $125 to $175 an acre. Several of the witnesses for the appellants fixed the value at $125 an acre. It is not necessary to mention the testimony of each witness, but much is made of that of the appellant Henry Peters, son of the appellant Emelia Peters, and tenant in possession. He testified that the Federal Land Bank would loan $18,000 on the property, and he concludes the amount is 50 per cent. of the value. If that were competent evidence, there is still nothing to show that the value would be twice the amount of the loan. There is other evidence offered by the appellees that the property is worth much less than the indebtedness. While this is an equity case, triable *de novo* before this court, the finding of the trial judge is supported by the evidence, and this court finds his judgment on the matter persuasive. It is well settled in this jurisdiction that a moratory stay is properly denied where the evidence indicates that the encumbrance against the land is in excess of its actual mar-

ket value. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792; *Lincoln Nat. Life Ins. Co. v. Richards,* 132 Neb. 282, 271 N. W. 794. See other numerous cases in this jurisdiction.

There is no apparent reason for disturbing the finding of the trial court.

**AFFIRMED.**