DEPARTMENT OF BANKING, RECEIVER OF CLARKSON STATE BANK, ET AL., APPELLEES, V. AUGUST MODROW, APPELLANT.

278 N. W. 559

FILED MARCH 25, 1938. No. 30272.

*George B. Clark* and *N. H. Cornell,* for appellant.

*Lloyd L. Pospishil, Robert H. Downing* and *L. F. Otra-dovsky, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.
This is an appeal from an order of the district court for

Colfax county denying defendant's application for the vacation of an order of confirmation of a sale of real estate and denying his application for a moratory stay.

It appears from the record that a certain tract of land in the village of Clarkson belonging to the defendant was sold upon execution and the sale confirmed, the property having been sold for $670, subject to taxes in the amount of $195. The defendant contends in his motion to set aside the confirmation that the sale price was inadequate and that the court erred in confirming the sale.

The question as to the adequacy of the sale price was tried on affidavits. Plaintiff offered in evidence the affidavits of Adolph Dudek and Julius E. Haase to the effect that the property did not exceed $670 in value, exclusive of the unpaid taxes against it. The defendant produced the affidavits of Karl Marinec, E. J. Pokarny, Henry C. Nagel, John M. Zrust, and J. J. Karnik, who fixed its value at $1,500, $2,000, $1,800, $1,450, and $1,500, respectively. Upon this conflicting evidence the trial court properly refused to vacate the order confirming the sale. The evidence is sufficient to bring the case within the rule that mere inadequacy of price will not preclude a confirmation of a judicial sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud. *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82; *Keller v. Boehmer*, 130 Neb. 763, 266 N. W. 577; *Erickson v. Hansen*, 129 Neb. 806, 263 N. W. 132. Necessarily, if the evidence as to adequacy of price is sufficient to sustain a confirmation of the sale, it is sufficient to sustain an order denying the vacation of the sale upon the same grounds.

Defendant complains of the refusal of the trial court to vacate the confirmation of sale in order to consider an application for a moratory stay. While our holding that there was no error in refusing to vacate the confirmation of sale disposes of this contention, the defendant was not entitled to a moratory stay in any event for the reason that a sale of lands upon an execution based upon a judgment is not within the provisions of the moratory law unless it

338

affirmatively appears that the judgment was obtained on a note or contract secured by real estate. Comp. St. Supp. 1937, sec. 20-21,159.

The judgment of the trial court is affirmed with leave granted to redeem at any time before the issuance of the mandate of this court.

AFFIRMED.