AMANDA FORSYTHE, APPELLEE, V. ANTHONY J. BERMEL: WILLIAM L. KELLER, INTERVENER, APPELLANT.

295 N. W. 693

FILED JANUARY 10, 1941. No. 30927.

*Edward P. McDermott*, for appellant.

*Beatty, Maupin, Murphy & Derry* and *E. J. Nenstiel*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and YEAGER, JJ., and ELDRED, District Judge.

PAINE, J.

This is an appeal from the confirmation of a sale made on a decree foreclosing a second real estate mortgage.

The decree of foreclosure was entered on September 20, 1938, finding that the amount due was $1,390.54, with interest at 9 per cent., subject to a first mortgage payable to the land bank commissioner, which is handled by the Federal Land Bank. The sheriff's return shows that he sold the property on August 9, 1939, to the plaintiff, Amanda Forsythe, for $1,552.93. On September 11, 1939, motion was filed for a confirmation of said sale and issuance of a sheriff's deed.

On September 15, 1939, William L. Keller filed a petition asking for leave to intervene and be made a party defendant, which was granted October 9, 1939. In his petition for intervention he set up that he is the owner of the two sections of land in foreclosure, having received a deed from Violet E. Sallee on August 23, 1938, who had received deed from Luther Owen Hiatt on March 25, 1938. He further sets up in his petition "that he is not questioning the legality of any of the proceedings * * * except for the inadequacy of the price for which said two sections of land were sold," and that he desires to file objections to the confirmation of the sale if made a party defendant in the action.

On November 20, 1939, the objections to confirmation of sale were heard, evidence was introduced by the plaintiff

and the intervener, and the court finds that the sale was in all respects in conformity to law and confirms the same, and directs that deed be made to Amanda Forsythe, purchaser; whereupon the intervener, William L. Keller, gave notice of appeal.

The appellant, William L. Keller, for reversal relies upon two grounds: (1) That the amount for which the property was sold is grossly inadequate, unconscionable, inequitable, and unjust; (2) that the said decree is defective in that it provides that the mortgage foreclosed is a first lien, when in fact it was a second lien.

The intervener, being ill at home, according to statement of his attorney, filed an affidavit that the fair market value of the two sections of land is $6.50 an acre, or a total of $8,320, and such affidavit was all the evidence offered by the intervener at the hearing.

The plaintiff offered a large amount of evidence, given by five witnesses. J. O. Ross, the first witness called by plaintiff, has lived in Garden and Morrill counties since 1914, and has been employed for 20 years by the Federal Land Bank in handling loans in that district. He testified that section 9 consisted of rough hills, pasture land, short grass, no land is cultivated, there are no improvements upon the land. He said of section 3 that 85 acres had been broken out, but 40 acres of that was in restoration; that 80 to 90 acres were in a sand draw (this is Ash Hollow draw); that the improvements were uninhabitable. The Tri-County Power & Irrigation District had put a road through the land, and it was stipulated between Miss Derry and Edward P. McDermott, of counsel, that it had paid $1,442 for the taking of ten acres for a road, and that there was still due on the first mortgage, after applying this sum thereon, a balance of $2,877.18.

Plaintiff testified that she lived in Deuel county; that she is well acquainted with this land; that it is three miles from Lewellen on the south side of the river; that there is no longer any well on the place, as they have pulled up the pump; that the old house and barn are just skeletons, with

the doors and window-lights gone, and the house was only a two-room shack.

M. P. Clary and Louis F. Smith placed the value of the land at $3 an acre. Frank Taylor placed it at from $3 to $3.50 an acre, and testified that William L. Keller, the intervener, had offered to purchase the adjoining land belonging to Taylor at $2 an acre, which land is as good as, or better than, the two sections under foreclosure, which intervener values at $6.50 an acre.

The intervener-defendant argues that the price bid of $1,552.93 is so unconscionable for these two sections of land as to shock the conscience of the court, and that fraud may be inferred from the nature and circumstances of the transaction. He argues that, as he is a resident of Kearney, he does not have the advantage of friendly neighbors to testify in his behalf as to the value of the land in controversy, and that it would be a tragedy to affirm this sale, and that, if a new sale is ordered and he gets a full crop, he will pay off the second mortgage to plaintiff in full, but no evidence was submitted that a new sale will bring a higher bid.

This court has held repeatedly that "Mere inadequacy of price in a sale under foreclosure will not justify a court in refusing a confirmation, unless such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud." Lemere v. White, 122 Neb. 676, 241 N. W. 105. See Lindberg v. Tolle, 121 Neb. 25, 235 N. W. 670; Keller v. Boehmer, 130 Neb. 763, 266 N. W. 577.

We have examined the evidence in this case and believe the action of the trial court in confirming the sale was proper under all the circumstances. The court believes that the land sold for its fair and reasonable value, and therefore the judgment of the district court is affirmed.

AFFIRMED.